


Booker T. Wade Jr.
In Propria Persona
605 Forest Avenue
Palo Alto, CA 94301
415 378 6250
bookertwade@hotmail.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re:

Booker T. Wade Jr.

Debtor

Case No. 13-50376 SLJ

Chapter 11

**DEBTOR'S MOTION FOR ENTRY OF ORDER GRANTING EXTENSION OF TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**
[Hearing Not Requested]

TO THE HONORABLE STEPHEN L. JOHNSON, UNITED STATES BANKRUPTCY JUDGE, OFFICE OF THE UNITED STATES TRUSTEE AND OTHER PARTIES REQUESTING NOTICE PURSUANT TO BANKRUPTCY RULE 2002:

Booker T. Wade, Jr., as Debtor and debtor-in-possession, moves this Court ("Motion") for entry of an order, pursuant to § 521 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and Rule 1007(a) & (c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the time within which Debtor must file its schedules, forms and statements of financial affairs (collectively, the "Schedules") and its list of equity security holders (the "List"). In support of this Motion, Debtor relies on the *Affidavit of Booker T. Wade Jr. in Support of Chapter 11 Petition.* In further support of the Motion, Debtor states as follows

-1-

## JURISDICTION AND VENUE

On January 22, 2013 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Clerk of this Court. Debtor continues to operate and manage his financial affairs as a debtor in possession pursuant to §§ 1107(a) and 1108.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of Debtor's chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code § 521(a) of the Bankruptcy Code, as complemented by Rule 1007(a) & (c) of the Bankruptcy Rules.

## FACTUAL BACKGROUND

Debtor filed the Petition as a result of a default judgment in the amount of approximately $700,000 entered against him on October 31, 2012 in the Santa Clara County California Superior Court. The default judgment arises out of claims by Debtor's prior counsel, Hoge Fenton Jones & Appel Inc. Although an appeal of the entry of default is pending in the California Court of Appeal, Sixth Appellate District, execution upon the default judgment (including wage garnishments) commenced in January 2013. Such execution produced severe cash flow problems.

## OPENING SCHEDULES AND LISTS

Pursuant to this Court's order dated January 23, 2103, the Debtor has fourteen days from the Petition Date to either: (a) file Required Documents, the Schedule; (b) file a written request to extend the time to do so; or (c) file a written request for an order excusing the filing of the Schedules and Statements. The Debtor seeks an extension of the deadline to file the Schedules to March 11, 2013.

Further, as set forth below and in the Wade Affidavit, the Debtor believes that cause exists to grant the requested extension. In October 2012, Debtor was diagnoses with having cataracts in both of his eyes. This condition impaired and reduced Debtor's vision, particularly his ability to read. On December 17, 2012, Debtor had corrective surgery in his left eye which involved removing the eye's natural lens and replacing them with an implant. Post-surgery evaluations were completed on January 16, 2013 and February 1, 2013. Both evaluations revealed that persistent residual inflammation in the left eye has precluded the implant from stabilizing which precludes restoration of normal and corrective vision and which precludes Debtor's ability to read and focus accurately on ordinary print. The task of carrying out these many responsibilities of researching locating and preparing the Schedules cannot be done accurately during this vision impairment. Debtor currently

is being treated with multiple eye anti-inflammatory and antibiotic medications, administered multiple times daily which further blurs his vision and which are expected to cause improve to his vision. Debtor is scheduled for a further medical evaluation on February 22, 2013. Debtor anticipates thereafter having the capacity thereafter to conduct research to locate, prepare and file the Schedules. For the foregoing reasons, and because there will be no undue harm or prejudice to any party in interest arising from the requested extension, the Debtor believes that cause exists for the Court to extend the deadline for the Debtor to file its Schedules until March 11, 2013.

**NOTICE AND PRIOR MOTIONS**

Notice of this Motion has been provided to (1) the Office of the United States Trustee (2) Debtor's twenty (20) largest unsecured creditors; and (3) all persons requesting Special Notice. No previous requests for the relief requested herein have been made to this Court.

**WHEREFORE**, Debtor respectfully requests that this Court enter an order substantially in the form annexed hereto as Exhibit "A," and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

Booker T. Wade, Jr.
Defendant

February 4, 2103.

## Affidavit

I, Booker Wade, declare as follows.

1. On December 17, 2012, I had surgery at the Palo Alto Medical Foundation in Palo Alto on my left eye to remove a cataract which impaired my ability to read. The surgery replaced the natural lens in my left eye with an artificial implant. Since the surgery, my normal vision has not been restored as I have been unable to focus my vision to read ordinary print, documents, and records and/or conduct legal research. I am only able to read items in large print either at a distance greater than 24 inches or (b) within 24 inches if in very large print.

2. Currently, I take use medications three times daily, including anti-inflammatory, antibiotic and eye pressure eye drops. These medications further blurry my vision and cause recurring tearing.

3. Likely, I will have a second surgery on my right eye to remove another cataract, unless that cataract does not deteriorate further and unless corrective contact lens restores normal or near normal vision. This decision to undergo the second surgery cannot be made until stable results occur with the left eye.

4. On February 22, 2013, I am scheduled to have a further evaluation with my attending ophthalmologist, Dr. Jocelyn Del Carmen at the Palo Alto Medical Foundation.

5. The Petition was filed as a primary result of a default judgment and execution upon the default judgment.

6. This Affidavit and the foregoing pleading has been prepared using large Times Roman 20-point print, then reduced, and with the assistance of others. The Petition [but not the Schedules] was originally completed in early October 2012 but Debtor forebore from filing it hopeful that negotiations with the default judgment creditor would have avoided the necessity.

I declare under penalty of perjury that the foregoing is true.

February 4, 2913

Booker Wade