Booker T. Wade Jr., In Pro Per
605 Forest Avenue
Palo Alto, CA 94301
415 378 6250
bookertwade@hotmail.com

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

In re:

Booker T. Wade Jr.,

　　　　　Debtor.

Case No. 013-50376 SLJ

Chapter 11

STATUS CONFERENCE STATEMENT

Date:　　　June 7, 2013
Time:　　　10:00 a. m.
Courtroom: 3099, 3rd Floor
　　　　　　Hon. Stephen L. Johnson

TO:　THE HONORABLE Stephen L. Johnson, UNITED STATES BANKRUPTCY JUDGE:

Booker T. Wade Jr., Debtor and Debtor-in-Possession (Debtor) hereby respectfully submits this Chapter 11 continued Status Conference Statement.

A. Background

On March 25, 2013, Debtor filed a Status Conference Statement detailing several factors including the need for this Chapter 11 filing; prior proceedings; trust fund issues; professional employment needs; state court litigation; unique issues; an outline of a reorganization plan; and other factors. At the Status Conference hearing held on April 4, 203, the Court continued the hearing to permit Debtor an opportunity to seek counsel as the case involves complex issues difficult for a *pro se* debtor to navigate.

After a significant search, Debtor has identified two experienced bankruptcy attorneys both of whom are willing to be retained by Debtor. One of these attorneys attaches a condition to his representation as to a specific creditor. The other one requires only a retainer and the approval

5181.001　　　　　　　　　　　　　　1　　　CHAPTER 11 STATUS CONFERENCE STATEMENT

of this Court. Debtor proposes to apply to the Court to employ one of the two. Debtor is attempting to collect the required funds necessary for the retainer. One source of such funds, exempt from the estate, is from a personal injury accident settlement wherein the other driver was solely responsible. At the request of the insurance carrier for the responsible party, Debtor is attempting to secure a narrative medical report – rather than medical record notations - from his then-attending physician who now is no longer with the clinic. Debtor is also seeking other sources for the retainer. Upon securing the required retainer amount, Debtor will file an application to employ counsel. Debtor requests the Court to grant him an additional forty-five days to secure the funds and file the employment application.

B. Mediation and Settlement

Since the status conference hearing on April 4, 2013, Debtor has made an effort to resolve all issues presented by seeking a settlement with creditors. The sources of funding for a settlement would be the approximately $800,000 in funds held in escrow accounts for the benefit of Debtor and Arlene Stevens [Stevens]. Debtor has proposed that the escrow accounts be distributed to Debtor and Stevens based on a formula and that Debtor would satisfy his respective creditors with the distributions.

Previously, two of Debtor's largest unsecured creditors – Forest Villa Homeowners Association and the agent for Bank of America - have agreed upon, or proposed reasonable terms, for a settlement. Debtor believes three remaining unsecured creditors with lesser claims – Discover Card, Mlnark Law Group and JAMS Inc. - are also willing to settle in lieu of a discharge of their claims. Debtor has been unable to identify the appropriate representative of the U.S. Department of Education to determine the agency's interest in a settlement.

Two creditors - Hoge Fenton Jones & Appel Inc. and Sevens - are central to a settlement. Hoge Fenton received a default judgment from state court, and within 90 days of the filing of the petition herein, filed a lien on Debtor's residence. Hoge Fenton has stated its willingness to settle its claim based on an adjusted formula Hoge Fenton has presented as a counter proposal. That counter proposal would be subject to negotiations with unsecured creditors.

Stevens presents unique issues. No appearance has been made on her behalf or by her in this proceeding. Wendy Smith is counsel for Rossi Hammerslough Resich & Chuck, Sevens' current litigation counsel in state court proceedings. Ms. Smith expresses an interest in a settlement. Indeed, Ms. Smith offers to mediate a potential settlement. However, she expressly notes that she does not represent Stevens or any interests of Stevens, only Rossi's creditor interests in the escrow accounts. Debtor has attempted to contact Stephen Fry, Stevens' co-counsel in the state court proceeding; however, Mr. Fry has been unresponsive.[1]

C. Interests of the Estate

Debtor believes that to aid in the advancement of this proceeding, the interests of the estate require Debtor to move to set aside the Hoge Fenton lien as a preference that burdens the estate. Debtor prefers to refrain for now from seeking avoidance, pending the outcome of settlement discussions. Additionally, Debtor believes that the interests of the estate are served by rejecting the state court settlement agreement as an executory contract, thereby permitting Debtor's presumptive access to the joint tenancy funds in the $650,000 escrow account and making those funds available to Debtor's creditors. Thus, contemporaneously with the filing of this continued Status Conference Statement, Debtor will file a motion to reject the executory contract.

D. Other Factors

Except as shown herein, the other factors and issues detailed in the Debtor's Status Conference Statement filed on March 25, 2013, remain applicable and are incorporated herein by reference.

---

[1] Debtor notes that on February 28, 2013, Debtor requested that Mr. Hammerslough and Mr. Fry within seven days confirm the status of the escrow account each is required to maintain pursuant to direction of the Santa Clara County Superior Court. Mr. Hammerslough responded. To date, Mr. Fry has not responded.

E. <u>Deadlines</u>

1. Avoidance Action – Property Lien

Debtor proposes that the Court adopt the statutory deadline for filing avoidance actions of two year following the petition date (i.e., January 22, 2015) as to the lien against Debtor's residential property filed by Hoge Fenton.

2. Disclosure Statement and Reorganization Plan

Debtor proposes that the Court extend the statutory deadlines for filing an exclusive plan of reorganization from 120 days following the bankruptcy petition date to September 5, 2013, to allow for a hearing before this Court on the motion to reject the state court settlement agreement. This extension would also allow an opportunity to continue to pursue a settlement. Following an appearance by Stevens, or counsel for Stevens, to respond the motion to reject the settlement agreement, this extension of time would also allow for continued efforts to secure a settlement.

May 31, 2013

_____
Booker T. Wade Jr.
Debtor and Debtor-in-Possession

# CERTIFICATE OF SERVICE

. I am over the age of 18 and not a party to the within action. My business address is 830 Stewart Drive, Suite 239, Sunnyvale, CA 94085

On May 31, 2013, I served the documents described as:

## STAUS CONFERENCE STATEMENT

on the following parties in this action by placing true copies thereof enclosed in sealed envelopes addressed with first class postage fully prepaid, in the United States mail at San Mateo, California, and addressed as follows:

Mlnarik Law Group
2930 Bower Avenue
Santa Clara, CA 95051

Jennifer Oats
Hoge Fenton Jones & Appel Inc.
Sixty South Market Street Suite 1400
San Jose, CA 95113

David Hamerslough
Rossi Hamerslough Reischl Chuck
1960 The Alameda Suite 200
San Jose, CA 95126

Wendy Smith
Binder & Malter LLP
2775 Park Avenue
Santa Clara, CA 95050

Law Offices of Stephen Fry
PO Box 1044
Nevada City, CA 95959

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed at San Mateo, California.

_____
Fan Wen