David Hamerslough, Esq.
Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda, Suite 200
San Jose, CA 95126
Tel: (408) 261-4252
Email: dave@rhrc.net

Attorneys for Arlene Stevens

# U.S. BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

In re:

BOOKER THEODORE WADE, JR.,

Case No.: 13-50376-SLJ

Chapter 11

R.S. No.: DMH-001

Date: July 23, 2013
Time: 10:00 a.m.
Location: Courtroom 3099
         280 S. First Street
         San Jose, CA 95113

**MOTION FOR RELIEF FROM STAY TO SEEK JUDGMENT IN STATE COURT AND FOR RELATED RELIEF.[1]**

**I.   Motion.**

Arlene Stevens hereby moves this court to grant relief from stay for "cause" pursuant to Bankruptcy Code Section 362(d)(1) to allow her to take action to complete two consolidated state-court actions against Mr. Wade and to seek enforcement of the terms of the underlying settlement agreement pursuant to California Code of Civil Procedure Section 664.6. The terms sought to be enforced are to foreclose on the debtor Mr. Wade's claimed interest in funds

MOTION FOR RELIEF FROM STAY TO SEEK JUDGMENT
IN STATE COURT AND FOR RELATED RELIEF                            Page 1

Case: 13-50376   Doc# 59-1   Filed: 07/09/13   Entered: 07/09/13 14:50:31   Page 1 of 11

currently held by her counsel Steven Fry, and to release the funds owned by Ms. Stevens that are held in a separate account at Comerica Bank by her counsel Rossi, Hamerslough, Reischl & Chuck (the "Rossi Firm").

The state court actions are: *Stevens v. Wade*, Case No.: 1-07-CV-09028, Superior Court of California, Santa Clara County, and *Stevens v. Wade* Case No.: CIV 4656463, Superior Court of California, San Mateo County (collectively the "State Court Action."). The cases were consolidated for administration by order of the Santa Clara County Superior Court (the "State Court"), and were settled through a judicially-supervised settlement in 2009 (the "Settlement"). Because substantial portions of the Settlement have been completed or resolved and the Settlement has been repeatedly recognized and enforced by the California Superior Court, Ms. Stevens asks the court to grant her relief from the automatic stay for the limited purpose of:

1. Taking such actions needed for her to obtain a judgment on the Settlement in the State Court Actions pursuant to California Code of Civil Procedure Section 664.6;

2. Obtaining an order from the Santa Clara Superior Court, either enforcing the Settlement, or the expected judgment that will permit the firm Rossi, Hamerslough, Reischl & Chuck to release funds of approximately $620,000 owned by Ms. Stevens to her, and

3. Obtaining an order from the Santa Clara County Superior Court, either in enforcing the Settlement or the expected judgment, permitting Ms. Stevens to foreclose on the portion of funds claimed by Mr. Wade and held by Mr. Fry as collateral for an obligation to Ms. Stevens on which Mr. Wade has defaulted.

---

[1] Rossi, Hamerslough, Reischl & Chuck are Arlene Stevens's state-court counsel. They have requested that the law firm of Binder & Malter LLP assist them in preparing this motion.

MOTION FOR RELIEF FROM STAY TO SEEK JUDGMENT
IN STATE COURT AND FOR RELATED RELIEF    Page 2

Case: 13-50376   Doc# 59-1   Filed: 07/09/13   Entered: 07/09/13 14:50:31   Page 2 of 11

This motion is supported by the accompanying declarations of David Hamerslough and Wendy W. Smith.

## II. Underlying Facts:

The two State Court Actions have been pending since 2007 and arose from Mr. Wade and Ms. Stevens's termination of a long personal and business relationship. (Declaration of David Hamerslough in Support of Motion for Relief from Stay ("Hamerslough's Decl.") Para. 4,) They began as separate actions to partition real property in two counties, one in Santa Clara County (the "Palo Alto Property") and one in San Mateo County (the "Woodside Property"). Once the cases were consolidated in Santa Clara, Ms. Stevens and Mr. Wade expanded their complaints to include panoply of alleged wrongs and claims to a broad range of property. On the final versions of their complaints, Mr. Wade listed fifteen prayers for relief and Ms. Stevens listed twenty-three.[2] (Hamerslough's Decl. Para. 4.)

In 2009 Ms. Stevens and Mr. Wade agreed to settle all of their claims regarding property in a global settlement agreement entered orally before the Honorable Jamie Jacobs-May (the "Settlement"). The Settlement divided the assets and liabilities between Mr. Stevens and Mr. Wade and required the liquidation of most of the assets. The terms of the Settlement are set forth in the accompanying declaration of Mr. Hamerslough with references to the related pages in the recorded settlement hearing. (Hamerslough's Decl. Para. 5). The disposition of the property between the parties has been substantially completed and is set forth below:

| Property Settlement Terms | Completion |
|---|---|
| <u>Woodside Property</u> at 3575 Tripp Road, Woodside, California. To be sold by Ms. Stevens. Mr. Wade's interest to be satisfied by payment of his obligations on the debt and the remainder paid to Ms. Stevens. | Ms. Stevens sold property. Mr. Wade's interests were satisfied. Proceeds of approximately $620,000 are currently held in a separate bank account pending court order to release the funds to Ms. Stevens. |

---

[2] Both parties sought damages for domestic violence, but it appears from the record these claims have not been pursued.

MOTION FOR RELIEF FROM STAY TO SEEK JUDGMENT
IN STATE COURT AND FOR RELATED RELIEF                Page 3

| | |
|---|---|
| Cellular licenses:<br>Three cellular-FCC-radio-station authorizations to be sold by Ms. Stevens with proceeds to be paid 70% to Ms. Stevens and 30% to Mr. Wade. Mr. Wade's portion to secure his $30,000 cash obligation to Ms. Stevens. | Ms. Stevens sold licenses. Proceeds of $176,000 are held by counsel pending order to release the funds to Ms. Stevens. Mr. Wade's interests are held as security for $300,000 note. |
| 1010 Corporation Way[3]:<br>Commercial property to be sold by Mr. Wade with proceeds to satisfy Ms. Stevens' obligation on guarantee. Any remainder to Mr. Wade. | Sterling National Bank, holder of first deed of trust foreclosed. Remainder was paid to SBA on secured lien. Sterling National Bank released Ms. Stevens from her obligation, but the U.S. Small Business Administration retains a claim against her. Mr. Wade is obligated to indemnify. |
| Palo Alto Property:<br>Owned in part by Ms. Stevens. Mr. Wade was to sell property immediately with net proceeds or deficiency to be split between Ms. Stevens at 60% and Ms. Stevens at 40%, to satisfy respective interests in property. | Mr. Wade has not sold the property.<br><br>Under the Settlement the State Court will direct Mr. Wade to liquidate the property to pay Ms. Stevens the value of her interest.[4] |
| "Topeka License":<br>To be sold by Mr. Wade with proceeds to be split between Ms. Stevens at 70%, and Mr. Wade at 30%. | It appears the State Court determined Mr. Wade did not control property and did not have rights to sell it.<br><br>Ms. Stevens has a claim for damages as a result. |
| Promissory Note:<br>$300,000 promissory note to be executed by Mr. Wade in favor of Ms. Stevens and secured by Ms. Steven's interest in proceeds from sale of licenses. | Mr. Wade has not executed or delivered a note or paid any sum toward it.<br><br>Ms. Stevens has a secured claim for damages. |

---

[3] One of the many issues was who controlled an entity called "TV – 32 Digital Ventures, Inc.," ("TV-32") which, in turn, controlled the Corporation Way property. On the eve of foreclosure by Sterling National Bank, Mr. Wade had TV-32 file a single-asset-real-estate Chapter 11. This case was ultimately dismissed upon success of Sterling National Bank, in foreclosing on the property.

[4] According to Mr. Wade's Bankruptcy Schedules, the law firm of Hoge Fenton placed a judgment lien on Mr. Wade's interest in the Palo Alto property. That lien would not affect Ms. Stevens' interest in the property.

Hamerslough's Decl. Para. 7-12.

In addition to the property divisions described, there are other elements to the Settlement. These include the obligation between the parties for each to indemnify the other for damages resulting from the failure of the other party to perform. In Ms. Stevens case, Mr. Wade's duty to indemnify includes a claim against Mr. Wade for any exposure for the SBA loan on the 1010 Corporation Way property. There were also certain intellectual-property rights related to a television show "Wedding TV" that were granted to Ms. Stevens, as wells as some recordings, which it appears have not been delivered by Mr. Wade. (Hamerslough's Decl. Para. 13.)

The intent of the Settlement was to resolve all issues articulated in the various complaints and cross-complaints on file, with the exception of those relating to the claims of domestic violence and malicious prosecution. Those matters were expressly bifurcated out of the Settlement. As to the elements that were settled, the parties agreed that the State Court would retain jurisdiction to resolve all disputes regarding the Settlement. This includes liquidating any damage claim by Ms. Stevens from Mr. Wade's failure to perform. (Hamerslough's Decl., Exhibit B, Transcript, p. 5)

In November of 2009 the Santa Clara County Superior Court denied Mr. Wade's motion to rescind the Settlement. (Hamerslough's Decl. Para. 15) In June of 2010, the Court denied Wade's motion to vacate the Settlement and to vacate the order denying Wade's prior motion to rescind the Settlement. Mr. Wade's three appeals of these decisions were also denied. There is no doubt that the Settlement will be enforced by the State Court. (Hamerslough Decl. Para 15).

### III. Legal Argument

#### A. Obtaining a judgment pursuant to Cal. Civ. Code 664.6 is the most efficient method of completing the State Court Action.

Bankruptcy Code Section 362(d)(1) provides that on request of a party in interest, the court may terminate the automatic stay "for cause." "Cause" is not defined in the bankruptcy

code, but it is well established that judicial economy can be justification for granting relief from the automatic stay to complete litigation that has been ongoing in a different court. *In re Kimbel v. Packerland Packing Co, Inc. v. Griffith Brokerage Company,* 776 F.2nd 802, 807 (9th Cir.) (1985). The Settlement agreement between Mr. Stevens and Mr. Wade has been in place for almost four years and has been largely implemented. Judicial economy is best served by granting this motion.

The State Court Actions can be completed with a motion under Cal. Code. Civ. Proc. 664.6 to enter a judgment pursuant to the terms of the Settlement. This provision of the Code of Civil Procedure provides: "if parties to pending litigation stipulate …orally before the court, for settlement of the case or part thereof, the court upon motion, may enter judgment pursuant to the terms of the settlement…" The Settlement in this case was discussed for several hours and documented by the court's record the 116 page transcript. (Hamerslough's Decl. Para. 5.) Ms. Stevens' counsel has attached to his declaration a simple and complete summary of the settlement terms and the relevant pages of the transcript. (Hamerslough's Decl. 5, Exhibits A and B.) If there is disagreement between the parties regarding the terms and scope of the Settlement, or the terms of the resulting judgment, the State Court has retained jurisdiction to decide those issues. (Hamerslough Decl. Exhibit B; Transcript, p. 5)

Certain elements of the Settlement can no longer be performed, such as the sale of the 1010 Corporate Way Property and the sale of the Topeka license. In light of the State Court's continuing jurisdiction, it is expected that the damages to Ms. Stevens from Mr. Wade's failures to perform can be liquidated by the State Court and included in any judgment, as will Mr. Wade's obligation to indemnify Ms. Stevens for certain losses. The State Court has the authority to take evidence on a motion under Section 664.6 to determine the rights of the parties as under the Settlement. *Fiore v. Alvord*, 182 Cal.App 4th 561, 565 (1985) (*Compare*, Bankruptcy Rule 7001(2) requiring a separate adversary proceeding for an action to

MOTION FOR RELIEF FROM STAY TO SEEK JUDGMENT
IN STATE COURT AND FOR RELATED RELIEF Page 6

determining the rights of parties in property.) Once the judgment is entered, the rights in any property held by either Mr. Wade's bankruptcy estate or Ms. Stevens will be set, and Ms. Stevens' damage claims will be liquidated. To the extent necessary, this Court may then address the disposition of her claims in this case.

Entry of a judgment by the State Court will also avoid what undoubtedly would be an extraordinary burden on this court to review six years of litigation. Furthermore, if Mr. Wade continues his prior efforts in litigating this conflict, it can be expected that he will appeal any ruling against him, whether by this court or the State Court. (Hamerslough's Decl. Para. 16) By granting relief to have the State Court enter a judgment based on the terms of the Settlement, this Court will limit the lines of appeal that might be pursued if it took on the task of interpreting the rights of the Settlement agreement in its current form (assuming the proper action was before it).

Mr. Wade's vigorous litigation style is revealed in the dockets in both the underlying State Court Action and the related bankruptcy of TV-32 Digital Ventures, Inc. ("TV-32"). Mr. Wade filed the bankruptcy of TV-32 on September 23, 2009 (Case No. 089-58098); it was a single-asset-real-estate case where TV-32 owned only the property at 1010 Corporation Way. A copy of the Docket of this case is attached as Exhibit A to the accompanying declaration of Wendy W. Smith ("TV-32 Docket"). It appears the bankruptcy was filed on the eve of foreclosure by the first deed of trust holder on the property, Sterling National Bank ("Sterling"). (Hamerslough's Decl., Para. 9, fn. 3). The case was filed as a Chapter 11 where Mr. Wade filed four proposed plans and disclosure statements, none of which were confirmed. Sterling obtained relief from the automatic stay to foreclose on the 1010 Corporate Way property in April of 2011. (TV-32, Docket no. 130).

MOTION FOR RELIEF FROM STAY TO SEEK JUDGMENT
IN STATE COURT AND FOR RELATED RELIEF  Page 7

Mr. Wade appealed the decision to the Bankruptcy Appellate Panel. He then brought a motion to stay the relief order pending appeal before the Bankruptcy Court (TV-32, Docket no. 172). That was denied. Wade then brought the same motion before the Bankruptcy Appellate Panel, which was also denied. A copy of the Bankruptcy Appellate Panel docket is attached as Exhibit "B" to the accompanying declaration of Wendy W. Smith. Mr. Wade then appealed that order to the 9th Circuit, which denied the motion both because the court did not have jurisdiction over the interlocutory order and because, at that point, Sterling had foreclosed on the property making the appeal moot. (*See* general docket, U.S. Court of Appeals for the 9th Circuit Docket No. 11-60036, *In RE the TV-32, Inc. et al.* A copy of the docket is attached as Exhibit "C" to the Declaration of Wendy W. Smith.)

The Bankruptcy Appellate Panel also dismissed the appeal regarding the relief from stay as moot. Mr. Wade again filed an appeal to the 9th Circuit, which dismissed it. (A copy of the docket for the 2nd appeal to the 9th Circuit is attached as Exhibit "D" to the Declaration of Wendy W. Smith for the Court's convenience.)

In the State Court Action, Mr. Wade's tenacity in attempting to reverse decisions he did not like is even more apparent. All of the following actions by Mr. Wade were denied.

| Docket Number/ Appeal Case No. | Motion | Court |
|---|---|---|
| 155 | Motion to rescind settlement agreement based on claim of fraudulent inducement. | Santa Clara County Superior Court |
| Appeal Case No. H034968 | Appeal of Denial of Motion to Rescind Settlement | California Court of Appeal 6th Circuit |
| 209 | Ex Parte Motion to Stay Arbitration | Santa Clara County Superior Court |
| 212 | Motion to Disqualify Arbitrator | Santa Clara County Superior Court |
| 203 | Motion to vacate settlement | Santa Clara County |

MOTION FOR RELIEF FROM STAY TO SEEK JUDGMENT
IN STATE COURT AND FOR RELATED RELIEF  Page 8

| | agreement or alternatively terminate arbitration proceedings and vacate orders denying motion to rescind settlement. | Superior Court |
|---|---|---|
| Appeal Case No. H035779 | Appeal of denial to vacate settlement agreement or terminate arbitration proceedings. | California Court of Appeals, 6th Circuit |
| Appeal Case No. S1867 | Petition to California Supreme Court to review Court of Appeal's denial to reverse refusal to vacate settlement. | California Supreme Court |
| 209 | Ex Parte Motion to Stay Arbitration | Santa Clara Superior Court |
| 212 | Ex Parte Motion to Disqualify Arbitrator filed May 11, 2010. | Santa Clara Superior Court |

A copy of the State Court docket is attached as Exhibit E to Ms. Smith's Declaration. *See also*, Hamerslough Decl. Para. 15.

### B. Cause exists to grant relief from stay to allow counsel to release proceeds from Woodside Property to Ms. Stevens.

The Settlement provides that any interest Mr. Wade had in the Woodside Property would be satisfied when Ms. Stevens sold the property and paid Mr. Wade's obligation on the debt secured by it. Ms. Stevens sold the property as required, and satisfied Mr. Wade's obligation. (Hamerslough Decl. Para. 7). The funds currently held in the separate account, therefore, belong to Ms. Stevens under the Settlement. These rights are further described in the explanation from Richard Silva, the Court-appointed arbitrator regarding the settlement in the matter. (Hamerslough Decl. Para. 16, Exhibit D) As the estate has no interest in the funds, there is substantial cause to grant Ms. Stevens relief from the automatic stay so that she may go to the State Court and ask for an order to release the funds.

### C. All proceeds of the Cellular Licenses are either property of Ms. Stevens or are subject to her security interests in securing Ms. Wade's $300,000 obligation.

The Cellular Licenses were sold pursuant to the terms of the Settlement. (Hamerslough's Decl. Para. 8). The proceeds totaling approximately $175,000, have been held in trust by her State Court counsel Stephen Fry pursuant to an order of the State Court dated September 9, 2009. A true and correct copy of that order is attached as Exhibit C to Mr. Hamerslough's declaration. That order to hold the proceeds of the Cellular Licenses was made in light of the then-pending motion by Mr. Wade to rescind the Settlement.

As described above, Mr. Wade's efforts to rescind the Settlement failed. To the extent he may claim an interest in a portion of the proceeds pursuant to the Settlement terms, that interest was provided as security for the $300,000 that Mr. Wade has not paid. (Hamerslough's Dec., Exhibit B, Transcript pg. 19-20)[5]

Bankruptcy Code Section 362(d)(2)(a) provides that if debtor does not have equity in property that is collateral for secured debt, and such property is not necessary to an effective reorganization, the creditor is entitled to relief. Here Mr. Wade's interest in the property is only $52,500 (30% of $175,000) and it secures a debt of at least $300,000. It is clear that he has no equity.

To the extent that Mr. Wade may claim that these funds are necessary for an effective reorganization, no reorganization appears in sight. Mr. Wade's most recent status conference statement, filed May 31, 2013, describes a plan that relies entirely on speculative lawsuits and an unidentified claim to the proceeds of the Woodside property owned by Ms. Stevens. In his most recent motion, to reject the Settlement an executory contract (filed June 6, 2013), he claims rejecting the Settlement "would presumptively make available to Debtor . . .fifty percent of the proceeds" from the Woodside property." Contrary to Mr. Wade's belief, he

---

[5] Judge Jamie Jacobs-May stated: "Whether it's this note for $300,000 or the stipulated obligation under 1010 to get [Ms. Stevens] released from the $3.5 million guarantee, there is other property that is going to secure those obligations and this other property…is the licenses."

MOTION FOR RELIEF FROM STAY TO SEEK JUDGMENT
IN STATE COURT AND FOR RELATED RELIEF
Page 10

cannot use a rejection under 11 U.S.C. §365 to vacate the Settlement or claim an interest in property owned by Ms. Stevens. (Bankruptcy Rule 7001.)

## IV. Conclusion

The State Court has retained jurisdiction to implement the Settlement and enter a judgment under the California Code of Civil Procedure. Granting the requested relief will provide the most expedient method of resolving the dispute between Mr. Stevens and Mr. Wade by liquidating her claims and releasing to her funds in which the estate has no interest.

Respectfully submitted.

Dated: July 9, 2013　　　　　　　　　　　ROSSI, HAMERSLOUGH, REISCHL & CHUCK


By:  /s/ David Hamerslough

　　　David Hamerslough
　　　Attorneys for Arlene Stevens

MOTION FOR RELIEF FROM STAY TO SEEK JUDGMENT
IN STATE COURT AND FOR RELATED RELIEF　　　　　　　　　　　Page 11
Case: 13-50376    Doc# 59-1    Filed: 07/09/13    Entered: 07/09/13 14:50:31    Page 11 of 11