David Hamerslough, Esq.
Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda, Suite 200
San Jose, CA 951260
Tel: (408) 261-4252
Email: dave@rhrc.net

Attorneys for Arlene Stevens

## U.S. BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>BOOKER THEODORE WADE, JR., | Case No.: 13-50376-SLJ<br><br>Chapter 11<br><br>R.S. No.: DMH-001<br><br>Date:  July 23, 2013<br>Time:  10:00 a.m.<br>Location: Courtroom 3099<br>              280 S. First Street<br>              San Jose, CA 95113 |

## DECLARATION OF DAVID HAMERSLOUGH IN SUPPORT OF MOTION FOR RELIEF FROM STAY TO SEEK JUDGMENT IN STATE COURT AND FOR RELATED RELIEF.[1]

I, David Hamerslough, hereby declare:

1.      I am an attorney licensed to practice by the State of California and admitted to practice before this Court.  I am a partner with Rossi, Hamerslough, Reischl & Chuck, attorneys for Arlene Stevens, the creditor.

---

[1] Rossi, Hamerslough, Reischl & Chuck are Arlene Stevens's state-court counsel.  They have requested that the law firm of Binder  & Malter LLP assist them in this motion.

Case: 13-50376    Doc# 59-4    Filed: 07/09/13    Entered: 07/09/13 14:50:31    Page 1 of
6

2.      I have personal knowledge of the matters contained in this Declaration, except as to those matters alleged upon information and belief, and as to those matters I believe them to be true.  If called upon as a witness, I could and would competently testify as follows.

3.      This motion relates to two pending actions in the California Superior Court.  The are: *Stevens v. Wade*, Case No.: 1-07-CV-09028, Superior Court of California, Santa Clara County, and  *Stevens v. Wade* Case No.: CIV 4656463, Superior Court of California, San Mateo County (collectively the "State Court Action.").  The cases were consolidated for administration by order of the Santa Clara County Superior Court (the "State Court"), and were settled through a judicially-supervised settlement in 2009 (the "Settlement").

4.      The two State Court Actions have been pending since 2007, and arose from Mr. Wade's and Ms. Stevens's termination of a long personal and business relationship.  They began as separate actions to partition real property in two counties, one in Santa Clara County (the "Palo Alto Property") and one in San Mateo County (the "Woodside Property").  Once the cases were consolidated in Santa Clara, Ms. Stevens and Mr. Wade expanded their complaints to include panoply of alleged wrongs and claims to a broad range of property.   On the final versions of their complaints, Mr. Wade listed fifteen prayers for relief and Ms. Stevens listed twenty-three. [2]

5.      In 2009, Ms. Stevens, Mr. Wade agreed to resolve all of their claims regarding property through the Settlement, which was entered orally before the Honorable Jamie Jacobs-May (the "Settlement").  The Settlement divided the assets and liabilities between Mr. Stevens and Mr. Wade and required the liquidation of most of the assets.   The Settlement was stated on the record over several hours.  The full transcript is 116-pages long.  I have attached as Exhibit "A" an accurate summary of the Settlement with detailed references to the relevant pages in the

---

[2]  Both parties sought damages for domestic violence but it appears from the record these claims have not been pursued.

Case: 13-50376    Doc# 59-4    Filed: 07/09/13    Entered: 07/09/13 14:50:31    Page 2 of 6

transcript. Attached as Exhibit "B" is a true and correct copy of the pages in the transcript that include the Settlement terms.

6. The Settlement provided for the disposition of the property between the parties. These terms have been substantially completed and are set forth below:

7. <u>Woodside Property</u> at 3575 Tripp Road, Woodside, California: this property was to be sold by Ms. Stevens. Mr. Wade's interest in the property was to be satisfied by the payment of his obligations on the debt on the property, with the remainder of the proceeds to be paid to Ms. Stevens. Ms. Stevens sold the property as required. Mr. Wade's obligation was paid pursuant to the settlement terms. The proceeds of approximately $620,00 are currently being held in a separate account at Comerica Bank pending an order from the Superior Court to release the funds to Ms. Stevens.

8. <u>Cellular licenses:</u> There were three Cellular-FCC-radio-station authorizations that were to be sold with the proceeds to be paid 70% to Ms. Stevens and 30% to Mr. Wade. Mr. Wade's portion, however, was to be held to secure, among other obligations, his $300,000 cash obligation to Ms. Stevens as part of the Settlement. The licenses were sold. I am informed and believe that the proceeds of approximately $176,000 are held by the law offices of Steven Fry pursuant to an order of the State Court dated September 9, 2009. A true and correct copy of that order is attached as Exhibit "C".

9. <u>1010 Corporation Way</u>[3]: This is commercial property that was to be sold by Mr. Wade with the proceeds to be used to satisfy Ms. Stevens' obligation on a guarantee of a loan on the property. Any remainder was to be paid Mr. Wade. Sterling National Bank, holder of first deed of trust foreclosed on the property before it could be sold. There were excess

---

[3] One of the many issues was who controlled an entity called "TV – 32 Digital Ventures, Inc.," ("TV-32") which, in turn, controlled the Corporation Way property. On the eve of foreclosure by Sterling National Bank, Mr. Wade had TV-32 file a single-asset-real-estate Chapter 11. This case was ultimately dismissed upon success of Sterling National Bank, in foreclosing on the property.

Case: 13-50376   Doc# 59-4   Filed: 07/09/13   Entered: 07/09/13 14:50:31   Page 3 of 6

proceeds, which I am informed and believe were paid to the Small Business Association (the "SBA") to pay additional note secured by the property. The SBA initiated action an action against Ms. Stevens on her remaining obligation on that note. I am informed and believe that the SBA obtained a considerable-sized judgment against her on that action . Although Sterling National Bank released Ms. Stevens from her obligation to the bank, the U.S. Small Business Administration retains its claim against her. Under the Settlement, Mr. Wade is obligated to indemnify her for any loss.

10. <u>Palo Alto Property</u>: This is a condominium held in Mr. Wade's name but acknowledged by the Settlement as being beneficially owned in part by Ms. Stevens. Under the Settlement, Mr. Wade was to sell property immediately with net proceeds (or deficiency) to be split between Ms. Stevens at 60% and Ms. Stevens at 40% to satisfy their respective interests in property. Mr. Wade has not sold the property as agreed.

11. <u>"Topeka License"</u> : This is a radio license that was to be sold by Mr. Wade with the proceeds to be split between Ms. Stevens at 70%, and Mr. Wade at 30%. I am informed and believe that the license was held in the name of Mr. Wade's family members. The Santa Clara Superior Court did not issue an order requiring Mr. Wade to sell the property as it determined it did not have jurisdiction to make the order. I am informed and believe that Ms. Stevens has a claim for damages as a result of Mr. Wade's default.

12. <u>Promissory Note</u> : Mr. Wade was to issue a $300,000 promissory note to Ms. Stevens to be paid over several years. Under the Settlement, the obligation is secured by Mr. Wade's interest in the Cellular Licenses. I am informed and believe that Mr. Wade has not delivered the promissory note and has not made any payments on it.

13. In addition to the property divisions described, there are other elements to the Settlement. These include the obligation between the parties for each to indemnify the other for

damages resulting from the failure of the other party to perform. In Ms. Stevens case, Mr. Wade's duty to indemnify includes a claim against Mr. Wade for any exposure for the SBA loan on the 1010 Corporation Way property. There were also certain intellectual-property rights related to a television show "Wedding TV" that were granted to Ms. Stevens, as wells as some recordings. I am informed and believe that Mr. Wade has not performed his obligations regarding these rights. The additional details of the Settlement are set forth in the attached summary with references to the transcript of the hearing.

14. The intent of the Settlement was to resolve all issues articulated in the various complaints and cross-complaints on file, with the exception of those relating to the claims of domestic violence and malicious prosecution. Those matters were expressly bifurcated out of the Settlement. As to the elements that were settled, the parties agreed that the State Court would retain jurisdiction to resolve all disputes regarding the Settlement. This includes liquidating any damage claim by Ms. Stevens from Mr. Wade's failure to perform. (*See*, Exhibit B, Transcript P. 5)

15. In November of 2009, the Santa Clara County Superior Court denied Mr. Wade's motion to rescind the Settlement. In June of 2010, the Court denied Wade's motion to vacate the Settlement and to vacate the order denying Wade's prior motion to rescind the Settlement. Mr. Wade's three appeals of these decisions were also denied. I believe that Settlement will be enforced by the Superior Court.

16. Throughout the litigation, Mr. Wade has pursued an extremely aggressive litigation style. He refused to perform under the Settlement, forcing Ms. Stevens to return several times to Richard Silver, the arbitrator who was granted authority to resolve issues in implementing the Settlement. In November of 2009, in the face of Mr. Wade's refusal to sign the documents needed to sell the Woodside Property, Mr. Silver issued an order (in the form of an e-mail) ordering Mr. Wade to sign the documents. Attached hereto as Exhibit "D" is a true

Case: 13-50376   Doc# 59-4   Filed: 07/09/13   Entered: 07/09/13 14:50:31   Page 5 of 6

and correct copy of the e-mail. I am informed and believe that the e-mail gives a clear and accurate description of Mr. Wade's refusal to cooperate.

17. Mr. Wade refused to comply with the order, forcing Ms. Stevens to obtain an order directing the Clerk of the Court sign the documents for Mr. Wade. Attached as Exhibit "E" is a true and correct copy of that Order.

Executed on July 9, 2013 at San Jose California. I declare under penalty of perjury of the laws of the United States that the foregoing statement is true.


___/s/ David Hamerslough_____

David Hamerslough

DECLARATION OF DAVID HAMERSLOUGH IN SUPPORT OF MOTION FOR RELIEF FROM STAY TO SEEK JUDGMENT IN STATE COURT AND FOR RELATED RELEIF                    Page 6

Case: 13-50376    Doc# 59-4    Filed: 07/09/13    Entered: 07/09/13 14:50:31    Page 6 of 6