David Hamerslough, Esq.
Rossi, Hamerslough, Reischl & Chuck
1960 The Alameda, Suite 200
San Jose, CA 951260
Tel: (408) 261-4252
Email: dave@rhrc.net

Attorneys for Arlene Stevens

# U.S. BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>BOOKER THEODORE WADE, JR., | Case No.: 13-50376-SLJ<br><br>Chapter 11<br><br>Date: July 24, 2013<br>Time: 2:00 p.m.<br>Location: Courtroom 3099<br>  280 S. First Street<br>  San Jose, CA 95113 |

## **OBJECTION TO MOTION TO REJECT EXECUTORY CONTRACT**

**A.    Introduction.**

Arlene Stevens hereby objects to the motion by the Debtor, Booker T. Wade, Jr. to reject the settlement agreement in the pending lawsuits in California Superior Court (the "Superior Court") entitled: *Stevens v. Wade*, Case No.: 1-07-CV-09028, Superior Court of California, Santa Clara County, and *Stevens v. Wade*, Case No.: CIV-465-6463, Superior Court of California, San Mateo County (collectively the "State Court Action".)[1]  Although the State

---

[1] The cases were consolidated for administration by order of the Santa Clara Superior Court.

Court Action contains multiple claims and cross-claims, the primary purpose was to partition property jointly owned by Ms. Stevens and Mr. Wade.

Ms. Stevens objects to the motion on the basis that it is unnecessary and, in any case, is unsupported. Ms. Stevens further objects to the extent that the purpose of the motion is to assert any claim on property or to vacate the settlement.

### B. The Motion is unnecessary.

Ms. Stevens has filed a motion for relief from stay to allow the Superior Court to enter a judgment based on the settlement pursuant to California Code of Civil Procedure §664.6. The motion further seeks an order for relief to allow Ms. Stevens to receive funds held on her account, which resulted from a sale pursuant to the settlement, and to foreclose on other funds that are held as security for Mr. Wade's defaulted obligation. (*See* Motion for Relief from Stay and related supporting documents, docket #60). Entry of the judgment by the Superior Court will confirm the parties' interests in the remaining property that is divided by the settlement, will liquidate any claim by Ms. Stevens for damages against Mr. Wade's estate, and will complete the pending partition action. The California Superior Court currently has jurisdiction over these actions and has authority under C.C.P. §664.6 both to enter the judgment and to adjudicate any factual issues that may arise in that context. *Fiore v. Alvord,* 182 Cal.App. 4th 561, 565 (1985).

Once the judgment is entered this motion to reject the settlement will be moot because the settlement will be merged into the judgment; it will no longer be a contract that can be rejected. *In re N. Lolly (Chattanooga Memorial Park v. Still)* 574 F.2nd 349, 352 (6th Cir. 1978)

The Sixth Circuit's opinion explains:

> [When a] Judgment [has been] obtained, the precise goal of the
> rejection provisions has already been accomplished. The claim has

been reduced to money damages, which can be included in the [plan]…

*Id.*

Here, to the extent Ms. Stevens has a claim for money damages, it will be liquidated by a judgment, which is ultimately the purpose of rejecting the settlement. Where the settlement requires Mr. Wade to deliver property that he has agreed in the settlement belongs to Ms. Stevens or is held as collateral, the judgment also has the same effect as the rejection. "The rejection of an executory contract does not…effect the parties' substantive rights under the contract or state law." *In re Pomona Valley Medical Group (Agarwal v. Pomona Valley Medical Group, Inc.)* 476 F.3d. 665, 673 (9th Cir. 2007). Either way, Mr. Wade must deliver Ms. Stevens's property.

### B. The motion is largely unsupported as it is based on a mistake in understanding of the effect of a rejection of a contract.

Putting aside the fact that the most efficient method of resolving the issues arising from the settlement is to allow the California Superior Court to enter a judgment, Mr. Wade has not set forth as the basis for his motion to reject the settlement. While Mr. Wade is correct that generally the standard for a debtor to reject a contract is very low, that does not mean that the Debtor has no burden to establish the basis for the motion. The Ninth Circuit in *In Re Pomona Valley Medical Group, Inc.* stated:

> In evaluating the rejection decision, the Bankruptcy Court should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action was taken with in the best interest of the bankruptcy estate. It should approve the rejection of an executory contract under §365(a) unless it finds the debtor-in-possession's conclusion would be advantageous is so manifestly unreasonable that it could not be based upon sound business judgment, but only on bad faith, whim or caprice.

*Supra* at p. 670, internal cites omitted.

OBJECTION TO MOTION TO REJECT SETTLEMENT Page 3
Case: 13-50376   Doc# 61   Filed: 07/10/13   Entered: 07/10/13 13:41:40   Page 3 of 4

Mr. Wade provides only one justification for rejecting the settlement agreement; he claims that "it would presumptively make available by Debtor for use by the estate, 50% of the proceeds or about $325,000 currently held in escrow by Stevens." [*sic*]. (Motion p. 8, ln. 6-10.) Mr. Wade appears to believe that the rejection of the contract will result in his being able to obtain property he does not own. A motion to reject settlement cannot be used to establish rights in property. (*See* Bankruptcy Rule 7001).[2]

It appears that Mr. Wade's motion is yet another attempt by him to unwind the settlement agreement. Mr. Wade has brought two motions and three appeals in the state court in his effort to avoid the court-approved settlement. (*See* Motion for Relief from Stay). A rejection of the settlement pursuant to Bankruptcy Code section 365 will not have the effect that Mr. Wade seeks. Rather, it is a significant benefit to the estate to have this motion denied, and allow the Santa Clara Superior Court to enter a judgment on the settlement. This will save effort in this court in addressing any objections Mr. Wade may have to the terms of the settlement agreement or the resulting judgment.

**C.     Conclusion.**

For the reasons set forth above, Ms. Stevens respectfully request the court to deny the motion.

Dated: July 10, 2013                                        ROSSI, HAMERSLOUGH, REISCHL & CHUCK

By: /s/ David Hamerslough
    David Hamerslough
    Attorneys for Arlene Stevens

---

[2] Mr. Wade also states "also rejection would not harm Stevens claim as her status as an unsecured creditor would be retained." Mr. Wade ignores the terms of the settlement that grants Ms. Stevens complete ownership of the Woodside property and thus, all of its proceeds, as well as ownership of 60% interest in the Palo Alto property.