Booker T. Wade Jr., In Pro Per
605 Forest Avenue
Palo Alto, CA 94301
415 378 6250
bookertwade@hotmail.com

*C Clerk*

**FILED**

AUG 7 2013

CLERK
United States Bankruptcy Court
San Jose, California

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

In re:

Booker T. Wade Jr.,

          Debtor.

Case No. 013-50376 SLJ

Chapter 11

**EX PARTE MOTION TO VACATE SCHEDULING ORDER**

**Hearing Not Requested**

    Debtor Booker T. Wade Jr., pursuant to Bankruptcy Rule 9013, hereby moves the Court to vacate its <u>Order After Status Conference</u>, dated June 10, 2013, requiring the filing of a Disclosure Statement by August 16, 2013 and plan confirmation by November 7, 2013. For the reasons detailed below, Debtor urges the Court to act on an *ex parte* basis.

    On July 8, 2013, Arlene Stevens filed a "Motion for Relief from Stay to Seek Judgment in State Court and For Related Relief" (Stay Relief) as to entitlement to funds in escrow accounts arising out of a "Settlement Agreement" with the Debtor. Prior thereto on June 6, 2013, Debtor filed a Motion to Reject Executory Contract, i.e., the Settlement Agreement.

    Stevens maintains that the grant of Stay Relief would moot Debtor's motion to reject the Settlement Agreement. Debtor maintains that the grant of his motion would moot Stevens' motion for stay relief. On July 24, 2013, the Court held a combined hearing on both motions and thereafter took both motions under advisement. The Court indicated that it would issue a written order, one that may request the parties to submit supplemental responses to the issues presented. The Court still has the matter under advisement.

    In an order issued on June 10, 2013, the Court directed Debtor to file a Disclosure Statement by August 16, 2013, and secure plan confirmation by November 7, 2013 (Scheduling Order), less the case be converted to Chapter 7. Given that the pending motions to reject the Settlement Agreement and the motion for Stay Relief centers on Debtor's access to funds in the escrow accounts; and that those funds are a

5182                              1                      Ex Parte Motion Deny Stay Relief Vacate

material part of the reorganization plan; and the Court's decision and order will materially impact the contents and objectives of the disclosure statement and plan, Debtor moves the Court to vacate the Scheduling Order, pending the Court's decision and any directives as to the stay relief request and the contract rejection motion.[1]

August 7, 2013

Booker T. Wade Jr.
Debtor

---

[1] Also, Section 362(e)(2) of the Code provides that in the case of an individual debtor, if the Court has not acted upon a request to lift the automatic stay within sixty days of filing, herein September 7, 2013, the stay is automatically granted. Debtor notes that it may be necessary to further move the Court to extend the stay to accommodate the directives arising out of any order as to the pending motions.

# CERTIFICATE OF SERVICE

. I am over the age of 18 and not a party to the within action. My business address is 830 Stewart Drive, Suite 239, Sunnyvale, CA 94085. On August 7, 2013, I served the documents described "EX PARTE MOTION TO VACATE SCHEDULING ORDER" on the following parties in this action by placing true copies thereof enclosed in sealed envelopes addressed with first class postage fully prepaid, in the United States mail at San Mateo, California, and addressed as follows:

Mlnarik Law Group
2930 Bower Avenue
Santa Clara, CA 95051

Stephanie Oats
Hoge Fenton Jones & Appel Inc.
Sixty South Market Street Suite 1400
San Jose, CA 95113

Heinz Binder
Wendy Smith
Binder & Malter LLP
2775 Park Avenue
Santa Clara, CA 95050

Law Offices of Stephen Fry
PO Box 1044
Nevada City, CA 95959

William Healey
Campeau Goodsell Smith
440 North First Street
San Jose, CA 95112

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed on August 7, 2013, at San Mateo, California.

Fan Wen