TRACY HOPE DAVIS
United States Trustee for Region 17
Office of the United States Trustee
U. S. Department of Justice
280 S. First Street, Suite 268
San Jose, CA 95113-0002
E-mail: john.wesolowski@usdoj.gov
Telephone: (408) 535-5525
Fax: (408) 535-5532
By: EDWINA E. DOWELL (SBN 149059)
     Assistant U.S. Trustee
     JOHN WESOLOWSKI (SBN 127007)
     Trial Attorney

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re:<br><br>BOOKER THEODORE WADE, JR.,<br><br><br><br>Debtor. | Case No: 13-50376 SLJ<br><br>Chapter 11<br><br><br>Date: May 1, 2014<br>Time: 1:30 p.m.<br>Place: Courtroom 3099 |

**U.S. TRUSTEE'S OBJECTION TO DEBTOR'S COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT (4/22/14)**

The United States Trustee for Region 17, Tracy Hope Davis (the "UST"), hereby files this Objection to the Combined Plan of Reorganization and Disclosure Statement dated 4/22/14 filed herein by Booker Wade ("Debtor").

The UST objects on the grounds that the Disclosure Statement does not contain adequate information as required under Bankruptcy Code sections 1125(a) and (b). The UST's specific objections are as follows:

1. Class 1B is the debt owed to Hoge Fenton Jones & Appel, secured by the Debtor's residence. Debtor's proposal is to strip or avoid that lien. However, no motion to strip the lien or value the residence has yet been filed, and no adversary proceeding has been filed to avoid the lien. This should be determined prior to confirmation.

2. Class 1C is the Wells Fargo loan secured by the Debtor's residence. The Debtor proposes to adjust the terms of this loan. However, the Debtor cannot modify this loan unless the lender consents, pursuant to Bankruptcy Code §1123(b)(5). Debtor states at p. 4 that he "will seek and secure the consent of the creditor" to such modification, but there is no certainty that that will happen. Unless and until there is a consensual modification, Debtor needs to pay the contract rate to Class 1C.

3. At page 8 (and Exhibit 4), Debtor has omitted payment of UST quarterly fees as an administrative expense. At this time, Debtor owes approximately **$1,628.04** in quarterly fees through the first quarter of 2014. In addition, his March MOR is delinquent.

4. At page 12, Debtor projects additional income from two sources – Arlene Stevens and the SBA. If the Debtor recovers from these sources, this money should be first used to pay creditors in full.

5. In Exhibit 2, Debtor has omitted a few items that are listed in Schedule B, including his interest in two escrow accounts ($478,625) and his claims against various parties ($3 million).

6. In Exhibit 3, Debtor projects gross employment income of $6,000 per month. Debtor's last four MORS (November -- February) report $0 income from employment. How can the Debtor justify this projected income? He states at the bottom of page 18 that he "plans to resume full time or near full time employment" – but with whom? Is this a certainty, or just a hope? This raises a feasibility issue. *See In re Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1382 (9th Cir. 1985) (the purpose of section 1129(a)(11) – the feasibility requirement – is to prevent confirmation of visionary schemes which promise more than can possibly be attained).

UST's Objection to Debtor's Combined
Plan and Disclosure Statement (4/22/14)     2
Case: 13-50376    Doc# 117    Filed: 04/25/14    Entered: 04/25/14 11:47:28    Page 2 of 3

7. In Exhibit 3, the Debtor will need to adjust his shelter expenses to include the contract rate on his mortgage (see paragraph 2 above). In addition, based on his projected expenses, the amount of UST fees to be paid will need to be doubled (to $217 per month).

8. It appears that there is a significant feasibility issue in connection with Ms. Stevens and the Debtor's residence. As noted by the Debtor (at p. 19), the state court has ordered the enforcement of the settlement agreement between the Debtor and Ms. Stevens, which requires, among other things, that the residence be sold or transferred to Ms. Stevens. Yet the Debtor apparently has no plans to do that. The Debtor and Ms. Stevens have been engaged in litigation for several years, with no end in sight. It is difficult for the UST to imagine that Debtor will ever be able to confirm a chapter 11 plan with these issues unresolved.

Dated: San Jose, California
April 25, 2014

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: /s/John S. Wesolowski
Trial Attorney
John S. Wesolowski
Office of the United States Trustee
U. S. Department of Justice
280 S. First Street, Suite 268
San Jose, CA 95113-0002
E-mail: john.wesolowski@usdoj.gov
Telephone: (408) 535-5525 ext. 231