AUSTIN P. NAGEL, ESQ.
California State Bar #118247
LAW OFFICES OF AUSTIN P. NAGEL
111 Deerwood Road, Suite 305
San Ramon, California 94583
Telephone: (925) 855-8080
Facsimile: (925) 855-8090

Attorneys for Secured Creditor,
FOREST VILLA HOMEOWNERS ASSOCIATION

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>BOOKER T. WADE,<br><br>    Debtor.<br>_____/ | Case No. 13-50376 SLJ<br>(Chapter 11 Proceeding)<br><br>SECURED CREDITOR, FOREST VILLA HOMEOWNERS ASSOCIATION'S OBJECTION TO CONFIRMATION OF FIRST AMENDED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT<br><br>Date: May 1, 2014<br>Time: 1:30 p.m.<br>Ctrm: #3099,<br>    280 S. First St.,<br>    San Jose, CA |

    Secured Creditor, FOREST VILLA HOMEOWNERS ASSOCIATION (hereinafter referred to as "Secured Creditor") objects to confirmation of the First Amended Combined Plan of Reorganization and Disclosure Statement proposed hereunder by Debtor, BOOKER T. WADE (hereinafter referred to as "Debtor") on the following grounds:

    1.    Debtor's obligations to Secured Creditor herein are set forth in the Covenants, Conditions and Restrictions (hereafter referred to as "CC&R's") that were recorded against the real property prior to Debtor's occupancy and more fully and commonly known as 605 Forest

1

Avenue, Palo Alto, California, 94301 (hereinafter referred to as the "Property"). In this regard, Debtor is obligated under the terms of the CC&R's to pay monthly dues to Creditor in order to cover Debtor's pro-rata share for maintaining, securing and insuring the common areas of the real property managed by Creditor. Relevant provisions of the CC&R's which sets forth Debtor's obligation to make monthly Homeowner Association dues to Creditor are filed previously herein and incorporated herein by reference. Moreover, on February 25, 2009, Secured Creditor recorded a Notice of Lien Assessment, a true and correct photocopy of which is filed previously herein and which is incorporated herein by reference.

2. Secured Creditor objects to Debtor's proposed First Amended Plan and Disclosure Statement (hereafter referred to collectively as the "Plan") on numerous grounds including but not limited to the language in the Plan that proposes to pay Secured Creditor a "Regular Monthly Payment of $500.00". Secured Creditor contends that regular monthly payments and special assessments are determined by Secured Creditor's Board based on the costs incurred by Secured Creditor, accordingly, to the extent the Debtor's Plan seeks to modify, effect or preclude Secured Creditor's Board from adjusting monthly Association dues or precluding Secured Creditor from assessing owners that make up the homeowner's association, special assessments provided for under Secured Creditor's CC&R's, Secured Creditor objects to any such provision of the Debtor's Plan.

3. Secured Creditor further objects to the Plan wherein the Plan only proposes to pay 5% interest on the Debtor's outstanding and unpaid dues. More specifically, Secured Creditor's CC&R's provide that interest, late charges and attorney's fees will be assessed the Debtor for outstanding and unpaid late charges. In regards to the accrual of interest on unpaid Association dues, the Secured Creditor currently charges interest at the rate of twelve (12%) percent and this rate of interest is specifically authorized by California *Civil Code* §5650(b)(3).

4. Secured Creditor further objects to Debtor's Plan wherein the Debtor states that he disputes the amount of arrears in the sum of $60,929.82. Secured Creditor contends that the correct amount of pre-petition arrears is $60,929.82, as evidenced by Secured Creditor's filed Proof of Claim with a breakdown of the pre-petition arrears calculation. Moreover, Secured Creditor has filed written Opposition to the Debtor's Objection to the Debtor's Proof of Claim and anticipates Debtor's Objection to Secured Creditor's Proof of Claim being overruled.

5. Secured Creditor further objects to Debtor's First Amended Plan and Disclosure Statement in that once Debtor's obligation to Secured Creditor has been *properly* scheduled for repayment hereunder, Debtor cannot feasibly complete his Plan as proposed. As such, pursuant to the laws which govern the administration of this proceeding, this Chapter 11 Plan and Disclosure, as proposed, should not, and cannot, be confirmed.

6. Secured Creditor believes that if it is forced to accept Debtor's First Amended Plan and Disclosure Statement as is presently proposed, Secured Creditor will be prejudiced by its position thereunder and Secured Creditor will continue to suffer substantial, mounting losses.

WHEREFORE, SECURED CREDITOR RESPECTFULLY MOVES:

1. Due to the fact that Debtor has failed to put forth a "best efforts" Plan to repay their creditors as is required by the laws which govern the administration of this proceeding, Secured Creditor respectfully requests that confirmation of this Chapter 11 Plan and Disclosure Statement be denied; or, in the alternative,

2. That Debtor's Plan and Disclosure Statement hereunder be amended in order to provide for payment of the $60,929.82 in pre-Petition arrears existing on Debtor's account with Secured Creditor;

///

3

3. That Debtor's Plan and Disclosure Statement hereunder be amended in order to allow Secured Creditor to receive post-petition monthly direct payments of no less than the amount due per month pursuant to the terms of the CC&R's;

4. That Secured Creditor's secured claim shall remain subject to the accrual of interest, attorneys fees and late charges as prescribed by the CC&R's and California *Civil Code* §5650(b)(3).

Dated: April 28, 2014        LAW OFFICES OF
                             AUSTIN P. NAGEL


                             By  /s/ Austin P. Nagel
                             Attorneys for Secured Creditor,
                             FOREST VILLA HOMEOWNERS
                             ASSOCIATION

ASAPBK.109

4