STEPHANIE O. SPARKS - BAR# 218438
sos@hogefenton.com
ALLISON ARA MANOV - BAR# 274081
aam@hogefenton.com
HOGE, FENTON, JONES & APPEL, INC.
Sixty South Market Street, Suite 1400
San Jose, California 95113-2396
Phone: (408) 287-9501
Fax: (408) 287-2583

Attorneys for Creditor
HOGE FENTON JONES & APPEL, INC.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| In re:<br><br>Booker T. Wade, Jr.<br><br>    Debtor. | No. 13-50376 SLJ<br><br>Chapter 11<br><br>CREDITOR HOGE FENTON JONES & APPEL, INC.'S OBJECTION TO DEBTOR BOOKER T. WADE, JR.'S PROPOSED FIRST AMENDED COMBINED PLAN OF REORGANIZATION AND DISCLOSURE STATEMENT<br><br>Date:    May 1, 2014<br>Time:    1:30 PM<br>Dept.:    3099<br>Judge:  Honorable Stephen L. Johnson |

Creditor Hoge Fenton Jones & Appel, Inc. ("Hoge Fenton") hereby files this Objection to Debtor Booker T. Wade, Jr.'s ("Wade") Proposed First Amended Combined Plan of Reorganization and Disclosure Statement dated April 22, 2014 (hereinafter "Plan and Disclosure Statement"). After thirteen months of litigation in the Superior Court, Wade has postponed the enforcement of Hoge Fenton's judgment for a year and a half.

**OBJECTIONS**

I. **THE PLAN AND DISCLOSURE STATEMENT SHOULD NOT BE APPROVED BECAUSE THE PLAN CANNOT BE CONFIRMED.**

Hoge Fenton objects to Wade's Plan and Disclosure Statement because it cannot be

-1-

confirmed because Wade has failed to provide the creditors with adequate information.

Confirmation issues are typically reserved for the confirmation hearing and not considered at the disclosure statement stage. *In re Larsen*, No. 09-02630-TLM, 2011 Bankr. LEXIS 1621, at pp. *7-8 n.7 (D. Idaho May 3, 2011). "However, if it appears there is a defect that makes a plan inherently or patently unconfirmable, the Court may consider and resolve that issue at the disclosure stage before requiring the parties to proceed with solicitation of acceptances and rejections and a contested confirmation hearing." *Id.*

The Court may confirm a plan only if it satisfies all of the requirements set forth in the Bankruptcy Code, including the requirement that a plan comply with the applicable provisions of the Bankruptcy Code. *See* 11 U.S.C. § 1129(a)(1). The debtor must provide "adequate information" to allow the creditors to make an informed judgment about the plan. 11 U.S.C. § 1125(a)(1).

A. **Wade Does Not Provide Adequate Information Regarding, or Justification for, Stripping or Avoiding Hoge Fenton's Judgment Lien.**

In Wade's Plan and Disclosure Statement, Wade states that, "[p]rior to confirmation, Debtor will obtain an order(s) or stipulation(s)[1] fixing the secured amount of [Hoge Fenton's] claims at zero." (Proposed First Amended Combined Plan of Reorganization and Disclosure Statement [hereinafter "Plan and Disclosure Statement"], 3.) Wade fails to provide any basis, legal or factual, for stripping off or avoiding Hoge Fenton's lien. Moreover, Wade has not moved this Court for such an order, nor would he have a basis to do so. Wade filed only a Notice of Appeal on December 27, 2012; he has taken no further action in that appeal. Lastly, the value of Wade's property has not been determined. Wade represents that the fair market value of the property has been determined as $725,976 based on online estimates and the fair market value determined by his lender in 2013 during the loan modification process. (*Id.* at 16.) As opposed to the original Plan and Disclosure Statement, the amended Plan and Disclosure Statement provides these online values. (*Id.*) According to Wade, these estimates are $518,081 and $938,842. (*Id.*) Wade fails to provide the fair market value provided by his lender during the loan modification process. (*See id.*) A valid

-2-

appraisal is essential, especially in this instance where one fair market value estimate is not provided and there is a disparity of over $420,000 between online estimates.

**B.    Wade Does Not Provide Adequate Information Regarding Wade's Ability to Fund the Plan and Disclosure Statement.**

Wade does not provide adequate information regarding his ability to fund the plan or his justification for setting $12,500 as the amount to be paid to unsecured creditors.

Wade represents that his income will be $8,683 per month—$6,000 from his employment and $2,683 from Social Security. (Plan and Disclosure Statement, 17.) Wade explains this $6,000 employment income estimate is accurate because he will work on a full-time basis. (*Id.* at 18.) Wade also explains that the recent operating reports reflect a time period, ". . . in which Debtor was not gainfully employed or was employed on a part time basis." (*Id.*) This explanation begs numerous additional questions such as, whether he is currently employed, what company is he working for, and what his actual salary or hourly rate is to name a few. On a fundamental level, if the creditors accept Wade's $6,000 estimate, why then should the creditors accept the $12,500 pittance offered in the Plan and Disclosure Statement.

Wade states that he will gather a $12,500 pot of money to be divided pro rata amongst the "Other General Unsecured Claims" creditors. (Plan and Disclosure Statement, 5.) In the original Plan and Disclosure Statement, Wade offered to pay all unsecured creditors $13,447. If Wade is able to pay more than $12,500, he must pay more. Wade should not be entitled to retain substantial assets and conclude this bankruptcy with his assets unaffected.

**C.    In the Plan and Disclosure Statement, Wade Again States that He Intends to Continue His Litigation with Hoge Fenton and Other Creditors.**

In the Plan and Disclosure Statement, Wade states: "No payments would be made to creditors Arlene Stevens, Hoge Fenton Jones & Appel Inc. and/or the Department of Education, if Debtor prevails in the litigation described as to each creditor on Exhibit 5." (Plan and Disclosure Statement, 6.) In Exhibit 5, Wade states that he "plans to prosecute the appeal" and will file an objection to Hoge Fenton's claim and "maintain that the amount of legal fees is excessive and

---

[1] Wade has never requested, nor would Hoge Fenton ever stipulate to "zero."

HOGE FENTON'S OBJECTIONS TO PROPOSED COMBINED PLAN AND DISCLOSURE STATEMENT
\\HFJADOCS\NDrive\68888.003\File1345779.doc

Case: 13-50376    Doc# 122    Filed: 04/28/14    Entered: 04/28/14 16:47:51    Page 3 of 5

constitute unfairness as to other creditors." (*Id.* at 22.)

Any further litigation of Hoge Fenton's judgment would be an abuse of the bankruptcy system. Because of Wade's bankruptcy stay, Hoge Fenton cannot execute its $739,693.36 judgment. Allowing Wade to continue to litigate with Hoge Fenton while his assets are protected by the bankruptcy stay would result in unfair prejudice and hardship for Hoge Fenton. The matter was litigated in the Superior Court for over a year and judgment duly entered. Furthermore, a portion of Hoge Fenton's judgment was for costs that Hoge Fenton advanced for Wade in reliance on his promise to pay for the underlying representation. Wade's request to continue the litigation with Hoge Fenton seems to indicate the real reason Wade filed for bankruptcy—to protect his assets while he continues to litigate with his creditors.

Wade misapprehends the effect of any purported appellate victory against Hoge Fenton. Even entertaining the vague and improbable notion that Wade obtains relief from stay and successfully appeals Hoge Fenton's default judgment, Hoge Fenton will still hold a claim for $581,146.91 in attorneys' fees and costs, plus interest. There is no scenario in which an appellate victory would reduce Hoge Fenton's claim to zero or even half of its judgment amount as suggested by Wade.

### 1. Wade's Exhibit 7-1 Reflects His Fundamental Misunderstanding of the Effect of an Appellate Victory.

Wade provides calculations of potential scenarios in Exhibit 7. (*Id.* at 23-25.) Wade's first scenario excludes all payments to Hoge Fenton and Stevens. (*Id.* at 24.) In the Plan and Disclosure Statement, Wade provides no basis for the scenario that Hoge Fenton's claim is excluded. As discussed above, there is no possible scenario where Hoge Fenton's claims are reduced to zero.

### 2. Wade's Exhibit 7-2 Is Riddled With Errors and Is Therefore Unreliable.

Wade's second exhibit attempts to calculate the distribution if Hoge Fenton's claim is reduced by fifty percent. (*Id.*) In this scenario, Wade invites this Court to override the decision of the Superior Court of California, and reduce the amount of Hoge Fenton's judgment.

Wade's calculations in Exhibit 7-2 are riddled with errors. (*See id.*) The Plan and Disclosure Statement (with no reduction in Hoge Fenton's claim) allots $7,575 to Hoge Fenton. (*Id.*

-4-
HOGE FENTON'S OBJECTIONS TO PROPOSED COMBINED PLAN AND DISCLOSURE STATEMENT

at 5.) Despite purporting to represent a scenario with a reduction of Hoge Fenton's claim, Exhibit 7-2 *increases* the distribution to Hoge Fenton to $10,052—$2,477 more than the Plan and Disclosure Statement amount. (*Id.* at 24.) This Exhibit should be wholly disregarded due to these inaccuracies.

The only explanation for this proposed reduction is Wade's passing statement that Hoge Fenton's, "amount of legal fees is excessive and constitute unfairness as to other creditors." (Plan and Disclosure Statement, 22.) Hoge Fenton contends that its fees are not the unfairness described in this Plan and Disclosure Statement. The unfairness is to offer a penny for each dollar for the services provided by Hoge Fenton for the minimal inconvenience of forcing Wade to work full time for twenty months.

## **CONCLUSION**

Accordingly, Hoge Fenton respectfully requests that this Court refuse to approve Wade's Plan and Disclosure Statement.

DATED: April 28, 2014

HOGE, FENTON, JONES & APPEL, INC.


By  /s/Allison A. Manov
Allison A. Manov
Attorneys for Creditor
HOGE FENTON JONES & APPEL, INC.