

The following constitutes
the order of the court. Signed May 7, 2014

_____
Stephen L. Johnson
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

In re )  Case No.: 13-50376 SLJ
 )
BOOKER T. WADE, JR., )  Chapter 11
 )
  Debtor )
 )

**ORDER DENYING APPROVAL OF
FIRST AMENDED DISCLOSURE STATEMENT (APRIL 22, 2014)**

Debtor filed a first amended disclosure statement (Amended DS) on April 22, 2014.[1] Objections were filed by creditor Hoge, Fenton, Jones & Appel, creditor Arlene Stevens, interested party Campeau, Goodsell & Smith, creditor Forest Villa Homeowners Association,

---

[1] The filing was not timely in view of the court's oral direction on April 3, 2014, that the revision be filed by April 15, 2014, to allow the court and parties to consider the changes made. Nevertheless, parties filed objections to the disclosure statement prior to the hearing.

ORDER ON DISCLOSURE STATEMENT    1

and Wells Fargo Bank. The court held a hearing on this matter on May 1, 2014, at 1:30 p.m. Appearances were noted in the record.

Debtor did not appear at the hearing. On April 14, 2014, Debtor filed an Ex Parte Motion to Enlarge the Time to file Amended Combined Plan of Reorganization and Disclosure Statement in which he requested an extension of time to file a revised disclosure statement and a continuance of the hearing on that disclosure statement. On April 22, 2014, Debtor filed a Request for Order on Notice of Hearing on Debtor's First Amended Proposed Combined Plan of Reorganization and Disclosure Statement, requesting the court to "issue an order and notice of hearing on the amended Plan." The setting of hearing dates and requests for continuances is governed by the Bankruptcy Local Rules. A request for a continuance of the hearing on a disclosure statement is governed by B.L.R. 3017-1(f), which provides that "[a] plan proponent desiring a continuance of the hearing on a disclosure statement shall appear at the scheduled hearing to request a continuance." The scheduled hearing was on May 1, 2014, but Debtor did not appear. Although the Amended DS was filed late, the affected creditors filed objections which the court was able to review. Accordingly, the court took the disclosure statement under submission.

The court notes that Debtor apparently intends to re-litigate issues he has litigated for many years in the state court. The court has cautioned Debtor that the bankruptcy court does not review the decisions of the state courts. To the extent the Amended DS describes a plan that flatly contradicts extant judgments of the Superior Court, it cannot be confirmed.

For the reasons indicated below, the court will deny approval of the Amended DS.

**BACKGROUND**

Debtor commenced this case in 2013, as a result of attempts by his creditors to enforce their claims against him. In particular, he sought to stay litigation pending between him and his former business and romantic partner, Arlene Stevens. In that litigation, Stevens and Debtor agreed, in a judicially supervised settlement conference, which was transcribed, to

ORDER ON DISCLOSURE STATEMENT  2

divide and sell various jointly owned real and personal property, and to split the proceeds.[2] After filing the bankruptcy case, Debtor filed a motion to treat that settlement agreement as an executory contract, and to reject that contract. In a decision dated September 5, 2013 (docket 73), the court denied Debtor's motion. As noted in that decision, the court found that Stevens had substantially performed on that agreement so it was no longer executory. On Arlene Stevens's motion, the court granted relief from the automatic stay to allow the Superior Court for the County of Santa Clara to enter judgment on that agreement.[3] As noted by Debtor, the state court orally granted a motion by Stevens to enforce the settlement agreement, although a written order has not been issued.[4]

On March 7, 2014, Debtor filed a proposed Combined Plan of Reorganization and Disclosure Statement (March 7, 2014). At the April 3, 2014, hearing on that disclosure statement, the court made detailed remarks addressing why the document failed to satisfy the requirement of 11 U.S.C. § 1125 that it provide "adequate information." Among other things, the court observed that the initial disclosure statement failed to take account of the settlement that Debtor reached with Stevens in the state court, and the proposed distribution of assets that settlement required. It also failed to properly treat the claim by the law firm Hoge Fenton, which is based on a state court judgment from 2012.

---

[2] The major points of agreement were these: Stevens would sell real property at 3515 Tripp Road, Woodside, California, and Debtor would sell real property at 1010 Corporation Way, Palo Alto, and 605 Forest Avenue, Palo Alto. Stevens would keep the proceeds of the Woodside Property. Debtor would keep the proceeds of the Forest Avenue Property. Stevens and Debtor would split the proceeds of the Corporation Way property 60%-40%.

[3] The settlement was agreed by the parties in state court but no judgment has been entered approving the settlement, principally due to Debtor's efforts. The court granted Stevens relief from the automatic stay to return to state court to allow it to enter the final judgment. The court is cognizant that Debtor disagrees that the settlement should result in the entry of a judgment, and of Debtor's continuing objections to the entry of that judgment.

[4] Debtor asserts in the Amended DS that because Stevens was late in submitting a proposed order to the state court, she has forfeited her right to do so and that Debtor intends to object to the state court decision on that and other grounds.

ORDER ON DISCLOSURE STATEMENT 3

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

Debtor's Amended DS does not address the problems identified by the court in its review of the initial disclosure statement. The court will deny approval for that reason.

## STANDARD FOR APPROVAL OF DISCLOSURE STATEMENT

A disclosure statement cannot be approved unless it contains "adequate information," as that term is defined in 11 U.S.C. § 1125(a)(1). "Precisely what constitutes adequate information in any particular instance will develop on a case-by-case basis." *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (D. N.J. 2005). "[W]here a plan is on its face nonconfirmable, as a matter of law, it is appropriate for the court to deny approval of the disclosure statement describing the nonconfirmable plan." *In re Silberkraus*, 253 B.R. 890, 899 (Bankr. C.D.Cal. 2000)(listing cases); *see also* 7 A. Resnick & H. Sommer, *Collier on Bankruptcy* ¶ 1125.03[4] (16th ed. 2011) ("most courts will not approve a disclosure statement if the underlying plan is clearly unconfirmable on its face").

## THE AMENDED DS DOES NOT CONTAIN ADEQUATE INFORMATION

The Amended DS fails to provide adequate information in these respects:

A.    <u>Treatment of Condominium at 605 Forest Avenue, Palo Alto</u>

Debtor's settlement with Stevens requires that the condominium at 605 Forest Avenue in Palo Alto ("Condo") be sold and the proceeds distributed to Debtor and Stevens. The court has granted relief from stay to Stevens to have the settlement agreement reduced to a judgment. Stevens filed an objection to the Amended DS attaching a copy of the proposed order in the state court which would effect that settlement.

Debtor's Amended DS seeks to re-write a settlement agreement that was reached under court supervision and will soon be reduced to judgment. In effect, Debtor argues that he can use his chapter 11 plan to re-write a state court judgment. As the court indicated at the April 3, 2014 hearing on the initial disclosure statement, any proposed plan and disclosure statement has to take account of the circumstances of the case. That means Debtor must file a plan that deals directly with the fact that he settled a case with Stevens which requires the Condo be sold.

ORDER ON DISCLOSURE STATEMENT        4

Instead, Debtor has proposed a plan that describes a parallel universe in which he is free to deal with Condo as he chooses. He provides in Classes 1A and 1C that Villa Forest Homeowners Association and Wells Fargo Bank will be paid over the life of the plan. He proposes to treat Stevens as an unsecured creditor but pays her nothing. Debtor intends to continue to litigate the enforceability of the settlement agreement in state court, and if the state court rules against him, Debtor "will seek relief from state appellate courts and/or this Bankruptcy Court." This treatment is flatly inconsistent with the stipulation between the parties in state court that will soon be part of a final judgment. Debtor cannot retain property when he has agreed to sell it in a settlement agreement supervised by the Superior Court.

B. Treatment of Hoge Fenton

The Hoge Fenton firm filed a proof of claim seeking $756,919.10 for legal services rendered. Attached to that proof of claim is a copy of a judgment from the Superior Court of Santa Clara County dated October 30, 2012, in the amount of $739,693.36. Also attached is a calculation of the $756,919.10 amount showing the application of interest at the judgment rate applicable in California.

Debtor's discussion of the treatment of this claim is nonsensical. He indicates the claim is secured as a part of Class 1B. That is not true. The proof of claim does not assert the claim is secured. Furthermore, Debtor indicates that he will file an objection to the claim prior to confirmation, asserting that the amount of legal fees is excessive. In other words, Debtor proposes to pay nothing on this claim because he will have the claim disallowed.

Debtor's proposed treatment violates the law. The bankruptcy court does not review the decisions of California courts. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) (The Rooker- Feldman doctrine provides that federal district courts lack jurisdiction to exercise appellate review over final state court judgments). Under the Rooker-Feldman doctrine, with exceptions not applicable here, this court does not have the authority to review and set aside the state court default judgment obtained by Hoge

ORDER ON DISCLOSURE STATEMENT        5

1 Fenton. Because the proposed treatment is unlawful, the Amended DS is inaccurate and does
2 not contain adequate information.

   C.  <u>The Liquidation Test Calculation is Demonstrably Incorrect</u>

   Any chapter 11 plan must satisfy the liquidation test established by 11 U.S.C. § 1129(a)(7)(A). This means a debtor must show that creditors will receive at least as much as they would in a chapter 7 liquidation test.

   Debtor's liquidation test reflects only one asset of any value, the Condo.[5] He estimates the Condo's fair market value is $725,976, that the liens against the Condo total $732,095, and that, after taking into account his exemption of $175,000, and costs of sale of $43,493, the Condo would generate no value for creditors. Yet he indicates the fair market value is based on an average of "(a) the indicated values as reflected by online evaluations by eappraisal and Zillow and (b) by the fair market value given the property by the first lender in November 2013 when the Debtor and Lender entered into a loan modification agreement. As of April 19, 2014, the average value for a two bedroom aged non-renovated aged condo (sic) is as shown. Eapparaisal values the property at $518,081, while Zillow places a value of $938,842." Debtor did not disclose the fair market value given by the first lender.

   This calculation is meaningless. Debtor appears to have averaged two figures ($518,018 and $938,842), and then averaged those figures again by reference to an appraisal of undisclosed value from a loan in 2013. While the court may approve a disclosure statement without an appraisal of the debtor's assets, 11 U.S.C. § 1125(b), the method of valuation used in this instance is inaccurate and does not meet the standard of providing "adequate information" to creditors.

   D.  <u>Debtor does not earn $6,000 per month</u>

   Debtor's disclosure statement indicates at Exhibit 3 that Debtor earns $6,000 per month. That is not consistent with the Monthly Operating Reports ("MORs") on file in this

---

[5] As noted by the United States Trustee's objection, the Amended DS omits Debtor's interest in two escrow accounts, totaling $478,625, that were disclosed in Schedule B.

case. According to the March 2014 MOR, Debtor earned only $3,283 from Social Security and "miscellaneous income." Over the 16-month life of this case, Debtor has earned $80,425.00. Excluding the $14,500 attributable to a personal injury claim (a one-time payment received in December 2013) and $16,656 from KMTP (which payments ceased in September 2013), Debtor earns only $3,052.31 per month.[6] Although the Amended DS explains that Debtor was not employed during this case and Debtor plans to resume full-time employment, it does not explain where and what Debtor proposes to do to justify a monthly income of $6,000.

## CONCLUSION

The proposed disclosure statement describes a plan that cannot be confirmed because it purports to vitiate state court judgments and does not adequately address the value of the Condo. 11 U.S.C. § 1129(a)(3). As such the plan is patently unconfirmable and the disclosure statement does not provide adequate information as required by 11 U.S.C. § 1125. *In re Pecht*, 57 B.R. 137, 139 (Bankr. E.D.Va. 1986)("Not only would allowing a nonconfirmable plan to accompany a disclosure statement, and be summarized therein, constitute inadequate information, it would be misleading and it would be a needless expense to the estate."). Approval of the disclosure statement is denied.

IT IS SO ORDERED.

*** END OF ORDER***

---

[6] Calculated based on the figures in Debtor's Statement of Cash Receipts and Disbursements, as:

| | |
|---|---:|
| Total income | $80,425.00 |
| KMTP Salary | ($16,656.00) |
| Personal Injury Claim | ($14,500.00) |
| Net income | $49,260.00 |
| @ sixteen months = | $3,079.31 |

ORDER ON DISCLOSURE STATEMENT 7

| | |
|---|---|
| 1 | **COURT SERVICE LIST** |
| 2 | ECF Parties by Electronic Means Only |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

**UNITED STATES BANKRUPTCY COURT for the Northern District of California**

ORDER ON DISCLOSURE STATEMENT 8