David Hamerslough, Esq.
Rossi, Hamerslough, Reischl and Chuck
1960 The Alameda, Suite 200
San Jose, CA 951260
Tel: (408) 261-4252
Email: dave@rhrc.net

Attorneys for Arlene Stevens

# U.S. BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>BOOKER THEODORE WADE, JR., | Case No.: 13-50376-RLE<br><br>Chapter 11<br><br>Date: June 11, 2014<br>Time: 2:00 pm<br>Judge: Hon. Stephen L. Johnson |

**OBJECTION TO MOTION TO COMPEL TURNOVER OF PROPERTY**

1. <u>Introduction</u>.

This motion appears to be another attempt by Mr. Wade to avoid two prior rulings of this court, one on the motion for relief from stay brought by Arlene Stevens, and another denying Mr. Wade's motion to approve his disclosure statement. In each case, this court determined that the disposition of property that was the subject of the settlement agreement between the parties in State Court (the "Settlement Agreement") should be adjudicated by the State Court and not by the Bankruptcy Court.[1] In its order refusing to approve Mr. Wade's Amended Disclosure

---

[1] Ms. Stevens brought a motion for relief from stay to allow her to complete the process in the State Court to obtain a judgment on the Settlement Agreement between her and Mr. Wade in the state court action *Stevens v. Wade*, Santa Clara County Superior Court Case No. 1-07-CV-090284. Mr. Wade brought a motion to reject the settlement agreement. The court denied Mr. Wade's motion, finding that the settlement agreement was not executory, and

OBJECTION TO MOTION TO COMPEL TURNOVER OF PROPERTY                    Page 1

Statement, the court stated "The court notes that the Debtor apparently intends to re-litigate issues he has litigated for many years in the state court. The court has cautioned Debtor that the bankruptcy court does not review the decisions of the state courts." (Order on Disclosure Statement filed May 7th, 2014, Docket No. 129, Pg. 2 ln. 17-19.)

The current motion to require turnover of funds is nothing more than another effort to avoid the effect of the Settlement Agreement and the adjudication of the State Court. The funds currently held by the Rossi firm are held pursuant the Settlement Agreement; they are the proceeds of the sale of a house in Woodside, California (the "Woodside Proceeds" and are the property of Arlene Stevens pursuant to the Settlement Agreement. Mr. Wade has no interest in them).

2. <u>The Woodside Proceeds are not property of the estate.</u>

The Debtor's motion is brought under Section 546 of the Bankruptcy Code and claims that 50% of the Woodside Proceeds belongs to the Estate. The only basis on which the claim is made is that Mr. Wade once owned a tenants-in-common interest in the Woodside property before the Settlement Agreement. It entirely ignores the disposition of the property as part of the Settlement Agreement. The Settlement Agreement was the result of a long hearing in State Court in which, among other things, Mr. Wade and Ms. Stevens agreed that the proceeds of the sale of the Woodside Property would be the sole property of Ms. Stevens. In its ruling on the motion for relief from stay to enforce the Settlement Agreement, this court reviewed the entire 116-page transcript that constitutes the Settlement Agreement. In summarizing the terms, the court noted that the Settlement Agreement provided that "Stevens would sell the real property at 3515 Tripp Road, Woodside California . . . [And] Stevens would keep the proceeds of the Woodside Property. (Order Denying Motion to Reject Contract and Granting Relief from Stay, pg. 3 ln. 2-5)

---

granted relief from stay. (Docket # 73). A copy of the ruling in that matter is attached the for the Court's convenience.

Mr. Wade now claims that the Woodside Proceeds are held for the benefit of Ms. Stevens *and* Mr. Wade, but provides no evidence of Mr. Wade's claim. (Motion p. 3) As he has throughout the process, Mr. Wade chooses to ignore the effect of the Settlement Agreement. In January, 2014, the State Court granted the motion by Ms. Stevens to enforce the Settlement Agreement. A copy of that order is attached as exhibit "A" to the accompanying declaration of David Hamerslough. There is currently pending a proposed judgment on that Order. Although it was submitted some time ago, the Judge in the Superior Court has not yet entered it. Attached as exhibit "B" to the accompanying declaration of David Hamerslough is a copy of the proposed judgment and the letter to the court. The proposed judgment provides that the Woodside Funds are to be released to the Rossi firm for distribution. The proposed judgment does not grant Mr. Wade any interest in the funds.

The only basis Mr. Wade provides for his claim in the face of the Settlement Agreement is that he had lunch with Ms. Stevens. Curiously he states that "based on information and belief" he "maintain[s]" that Ms. Stevens does not dispute his claim to 50% of the Woodside Proceeds. It appears that he doesn't even have any hearsay evidence of Ms. Stevens alleged acquiescence. Had she told him over lunch that she was fine with half of her money being paid over to Mr. Wade's creditors one would have expected it to show up in Mr. Wade's declaration. Mr. Wade also attempts to deny Ms. Stevens representation in this court by saying that Ms. Stevens does not object to his claim, but there is no declaration from Ms. Stevens to that effect. The Rossi firm is currently holding the Woodside Proceeds pursuant to an order of the California Superior Court. It has a continuing fiduciary duty to Ms. Stevens to protect her legal interest in the funds.

Mr. Wade's reference to the statement by the Rossi firm regarding the limits of its representation is misplaced. It was made in connection with the proof of claim filed on her behalf. Because the proofs of claim must be filed under penalty of perjury, and the Rossi firm did not have specific directions to file the proof of claim, the statement of limitation had to be made. The Rossi firm continues to represent Ms. Stevens' interest in connection with the State

Court Action and her interest in the property that is the subject of that action and of this motion. (Declaration of David Hamerslough).

     3.   <u>In any case, no order for turnover should issue pursuant to Section 543(d)</u>

Section 543(d) provides that a bankruptcy court may excuse the turnover of estate property if it will serve the best interests of creditors. Here, of course, the property sought is not property of the estate. Even if Mr. Wade had made any colorable claim against the funds, it would not be in the best interest of the creditors to turn the money over to him until such claim is adjudicated. Mr. Wade has not shown an ability to propose a confirmable plan, and does not reveal any ability to responsibly handle funds for a third party. The Woodside Funds should remain in the competent custody of the Rossi law firm until the Superior Court enters the judgment enforcing the Settlement Agreement.

Respectfully Submitted,

Dated: May 28, 2014                ROSSI, HAMERSLOUGH, REISCHL & CHUCK

                                  By: _____/s/ David Hamerslough_____
                                           David Hamerslough



The following constitutes
the order of the court. Signed September 12, 2013

_____
Stephen L. Johnson
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

BOOKER THEODORE WADE, JR.,

Debtor.

Case No. 13-50376-SLJ

Chapter 11

**ORDER DENYING DEBTOR'S EX PARTE MOTION TO DENY MOTION FOR RELIEF FROM STAY**

On September 3, 2013. Debtor filed an Ex Parte Motion to Deny Without Prejudice Motion for Relief from Stay ("Motion"), based on the premise that the automatic stay would terminate pursuant to 11 U.S.C. § 362(e)(2) because the court had not ruled on Arlene Stevens' Motion for Relief from Stay, which was filed on July 9, 2013. The court having entered an Order Granting Motion for Relief from Stay on September 5, 2013, good cause appearing,

IT IS HEREBY ORDERED that the Motion is DENIED as moot.

* * * * END OF ORDER * * * *

Court Service List [by mail and ECF]

Booker Theodore Wade, Jr.
605 Forest Ave.
Palo Alto, CA 94301

[ECF Notifications Only]

UNITED STATES BANKRUPTCY COURT
For The Northern District Of California

ORDER DENYING MOTION TO DENY RFS MOTION  2

# Notice Recipients

District/Off: 0971−5  User: kdu  Date Created: 9/12/2013
Case: 13−50376  Form ID: pdfeoc  Total: 1

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db          Booker Theodore Wade, Jr.          605 Forest Avenue          Palo Alto, CA 94301

TOTAL: 1