David Hamerslough, Esq.
Rossi, Hamerslough, Reischl and Chuck
1960 The Alameda, Suite 200
San Jose, CA 951260
Tel: (408) 261-4252
Email: dave@rhrc.net

Attorneys for Arlene Stevens

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

In re:

BOOKER THEODORE WADE, JR.,

Case No.: 13-50376-RLE

Chapter 11

[Hearing Not Required]

# STATEMENT IN RESPONSE TO EX PARTE MOTION FOR ORDER DECLARING AS VOID STATE COURT JUDGMENT IN VIOLATION OF AUTOMATIC STAY

TO: THE HONORABLE STEPHEN L. JOHNSON:

Arlene Stevens, through her counsel[1], responds to Mr. Wade's Ex Parte Motion for Order Declaring as Void State Court Judgment in Violation of Automatic Stay.

Mr. Wade's Ex Parte Motion seeks to have this court "declare as void" the judgment recently entered by the Santa Clara Superior Court (the "State Court"), in connection with the

---

[1] Rossi, Hamerslough, Reischl and Chuck represents the interest of Arlene Stevens in connection with her interests in the action in the California Superior Court, Santa Clara, *Stevens v. Wade*, case no. 1-07-CV-090284

STATEMENT IN RESPONSE TO EX PARTE MOTION FOR ORDER DECLARING AS VOID STATE COURT JUDGMENT IN VIOLATION OF AUTOMATIC STAY

Page 1

judicially-supervised settlement of the lawsuit between Mr. Wade and Ms. Stevens (the "Judgment").

Mr. Wade correctly states that the relief from the automatic stay granted by this court was solely for the purpose of the entry of a judgment, and not for its enforcement. The purpose of the judgment in the State Court, as this court has indicated previously, was to identify the ownership interests of the two parties in various property. The State Court has done so. As was indicated at the time of the relief-from-stay hearing, Ms. Stevens repeats here that no action will be taken to enforce the Judgment. To the extent that the Judgment provides that certain action must be taken by the Debtor within a period of time, it is understood that such provision of the Judgment will not be enforced without further relief from the automatic stay.

To the extent that Mr. Wade complains that the Judgment was entered as a result of an *ex parte* motion, there are appropriate remedies by which he may address that in State Court.

Date: June 17, 2014            ROSSI, HAMERSLOUGH, REISCHL & CHUCK


By:_____
David Hamerslough
Attorney for Arlene Stevens

STATEMENT IN RESPONSE TO EX PARTE MOTION FOR ORDER DECLARING AS VOID STATE COURT JUDGMENT IN VIOLATION OF AUTOMATIC STAY               Page 2