Booker T. Wade Jr.
605 Forest Avenue
Palo Alto, CA 94301
415 378 6250

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re | Case No. 13-50376 SLJ

Chapter 11

BOOKER T. WADE JR. | EX PARTE MOTION FOR ORDER DECLARING AS VOID STATE COURT JUDGMENT IN VIOLATION OF AUTOMATIC STAY

DEBTOR

[Hearing Not Required]

Debtor Booker T. Wade Jr., on an ex parte basis, hereby moves the Court to issue an order declaring as void the judgment of the Santa Clara County California Superior Court insofar as the judgment executes, and is self-executing, upon property of the estate and upon Debtor's equity in said property. As detailed below, the judgment exceeds the scope of the stay relief granted. As such, the self-executing terms of the judgment violate the automatic stay provisions.

## Representations

Debtor represents:

1. On January 22, 2013, the Debtor, an individual, filed his Chapter 11 petition and has continued as debtor in possession;
2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 157(c)(13) and U.S.C. 105(a).
3. On June 13, 2014, David Hamerslough, appeared before the Santa Clara Superior Court on an ex parte basis, urged and caused the Santa Clara County California Superior Court to enter an order in that court to cause the state court to act to obtain possession and control

over residential property known as 605 Forest Avenue, property of the estate, by ordering dispossession by Debtor within thirty days and thereafter a sale of the property.[1]

4. On June 13, 2014, the Santa Clara County California Superior Court, subsequent to the commencement of this Chapter 11 case, and with prior notice of the pendency of this Chapter 11 case, entered a self-executing order which by its terms will within thirty days dispose Debtor of estate and exempt property, causing the property to be sold and all proceeds of the sale distributed (purportedly) to Arlene Stevens for her to satisfy legal fees owed by Stevens. The judgment is shown at Attachment A.

5. As of commencement of the case, Debtor held title to 100% interests in the property. On his Schedule C to the petition, Property Claimed as Exempt, Debtor claimed the property as exempt to the extent provided by state law which exemption includes $175,000. The exemption was never disputed.

6. David Hamerslough had knowledge of the Chapter 11 petition and the automatic stay of provisions of 11 U.S.C. Section 362.

7. The disposition and sale of the property is contrary to and in violation of 11 U.S.C. Section 362. While the Court has lifted the automatic stay to permit the state court to enter a judgment, in granting relief the Court expressly reserved to itself the authority to implement or execute upon any judgment as a claim against the estate. Additionally, special counsel for David Hamerslough on the record expressly represented to the Court at the hearing on the motion for stay relief that there would be no efforts made to have the state court implement any judgment.

**Memorandum of Points and Authorities**

A. *The Palo Alto condominium is estate property.*

The automatic stay provision of Section 326(a) is redundant and expansive in providing broad protection. Virtually every subsection contributes, directly or indirectly, to preclude any act by any entity to obtain possession of property of the estate from the Debtor or to exercise control over property of the estate. Section 362(a)(3). Property of the estate includes property held by the Debtor as of the commencement of the case. 11 U.S.C. 541(a). To any extent Debtor's exemption is

---

[1] California rules permit an "off-the-record" one-party presentation to the Court if (a) there is there exists a threat of irreparable harm or an immediate danger; and (2) prior-day notice is provided. *California Rules of Court* Rule 1202(c). However, no urgent or emergency was detailed. Indeed, there was no such emergency given that proposed judgments have been before the state court for months without action. The email notice was sent to Debtor while Debtor was travelling and physically unable to appear and Debtor so advised counsel prior to the ex parte presentation.

less than the value of the property, a matter for determination by this Court and not the state court, the excess value is non-exempt property of the Debtor beyond the reach of creditors, a matter also for determination by this Court and not the state court.

B. *The debtor may seek relief by motion.*

As the Debtor seeks an order declaring the state court judgment as void, Debtor may seek relief by motion. *C W Mining Company v Standard Industries Inc.* (10th Cir. 2010), 625 F3d 1240. See, also *Bankruptcy Rules of Procedure*, Rule 9020.

As the state court judgment order by its terms becomes self-executing within less than thirty days, Debtor requests the Court to act upon this request with urgency. A copy of this motion has served upon David Hamerslough via next day mail for delivery on June 17, 2014.

### Relief Requested

Pursuant to Bankruptcy Rules of Procedure Rules 9014(a) and 9020, Debtor moves the court for relief as follows:

(1) a determination that the state court judgment is void insofar as it directs execution upon the judgment, including dispossessing Debtor of possession and ordering a sale of the property and distribution of proceeds; and

(2) a determination that the state court judgment violates and disregards the terms of 11 U.S.C. Section 362; and

(3) any further relief that may be appropriate and proper.

June 16, 2014

_____
Debtor

### Declaration

I declare under penalty of perjury of the laws of the United States that the factual representations contained herein are true.

_____
Booker T. Wade Jr.

June 16, 2014

**Attachment A**
**Judgment of the Santa Clara County Superior Court**

THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SANTA CLARA

| | |
|---|---|
| ARLENE D. STEVENS,<br><br>    Plaintiff,<br><br>vs.<br><br>BOOKER T. WADE, JR., and DOES 1 to 10, inclusive,<br><br>    Defendant.<br><br>AND RELATED CROSS-ACTION | Case No. 1-07-CV-090284<br><br>[CONSOLIDATED]<br><br>[PROPOSED] JUDGMENT RE ENFORCEMENT OF SETTLEMENT AGREEMENT |

IT IS ORDERED, ADJUDGED, AND DECREED that judgment be, and hereby is, entered pursuant to C.C.P. § 664.6 in accordance with the terms of the settlement agreement reached between Plaintiff Arlene D. Stevens ("Stevens" or "Plaintiff") and Defendant Booker T. Wade, Jr. ("Wade" or "Defendant") as follows:

1. **WOODSIDE PROCEEDS**: The proceeds from the sale of the Woodside property located at 3575 Tripp Road, Town of Woodside, California which are currently being held in trust by the Law Firm of Rossi, Hamerslough, Reischl & Chuck are, in their entirety, the sole and separate property of Stevens and shall
1

[PROPOSED] JUDGMENT AFTER HEARING (CCP §664.6)

Case: 08-50936    Doc# 556    Filed: 06/16/14    Entered: 06/19/14 13:58:35    Page 5 of 10

be released without further order of this Court to the Law Firm of Rossi, Hamerslough, Reischl & Chuck for distribution.

2. **CELL LICENSE PROCEEDS:** The proceeds from the sale of the Cell Licenses which are currently being held in the attorney-client trust account of Stephen S. Fry are, in their entirety, the sole and separate property of Stevens and shall be released without further order of this Court to the Law Firm of Stephen S. Fry for distribution.

3. **PROMISSORY NOTE:** In favor of Stevens and against Wade in the amount of $419,561.51, consisting of $300,000.00 principal, interest of $113,161.51 (at 7% or $1,750/month or $57.53/day from January 22, 2009 through June 11, 2014 (1967 days/64 months and 21 days)), and penalties of $6,400.00 (at $100/month from January 22, 2009 through June 11, 2014 (64 months and 21 days)).

(a) **CREDIT:** Defendant's 30% interest in the cell license proceeds shall be distributed to Plaintiff as a partial credit towards Defendant's debt under the Promissory Note. The total amount of the cell license proceeds is $176,690.32. Consequently, Defendant's credit is $53,007.10 based upon his 30% interest in the proceeds which was security for his obligation under the Promissory Note. Given Wade's default on the payment of the Promissory Note, Stevens is entitled to said $53,007.10 and Wade is entitled to a credit on the Promissory Note obligation in said amount.

4. **INDEMNIFICATION ON SBA LOAN:** In favor of Stevens and against Wade for Wade to indemnify Stevens from and against any liability of Stevens to Sterling Savings and Loan Association (hereinafter "Sterling") and the Small Business Administration (hereinafter "SBA") resulting from Stevens' personal guarantees on the loans provided to TV-32 Digital Ventures, Inc. (hereinafter "TV-32") and the related notes and deeds of trust recorded against TV-32's real property located at 1010 Corporation Way, Palo Alto, CA, including, without

limitation, the SBA's November 18, 2011 judgment against Stevens in the matter entitled United States of America v. Arlene Stevens, USDC (ND CA), Case No.:11-CV-02588 for $1,359,105.47 plus interest.

5. **PALO ALTO CONDO:** For title of the real property commonly known as 605 Forest Ave., Palo Alto, California (hereinafter "Palo Alto Condo"), to be immediately transferred from Wade to Stevens by quitclaim deed to be signed by the Wade or, in the event Wade refuses to sign the deed, by the Court on Wade's behalf. The legal description of the Palo Alto Condo is set forth below:

> *All that certain land situated in the State of California, County of Santa Clara, City of Palo Alto, described as follows:*
>
> *PARCEL A:*
>
> *Unit 3 as shown on that certain subdivision map entitled "Tract No. 5605 Forest Villa", was filed in the Office of the Recorder of the County Of Santa Clara, State of California on March 31, 1975 in Book 353 of Maps, at pages 26 through 30;*
>
> *Excepting however, the following:*
>
> *Any portion of the common area lying with said unit;*
>
> *PARCEL B:*
>
> *Non-exclusive easements appurtenant to Parcel A for ingress and egress and support of said Parcel A through the common area and for repair of said Parcel A through the common area and for repair of said Parcel A through all other units and through the common area;*
>
> *PARCEL C:*
>
> *An undivided 10% interest as tenant-in-common in and to the common area, as shown on the map.*
>
> *PARCEL D:*
>
> *THE following easements appurtenant to the common area:*

*A. non-exclusive easements through each unit for support repair of the common area;*

*B. Non-exclusive easements for encroachments upon the air space of all of the units by and for the portions of the common area lying within the units.*

APN No: 120-43-003-00

Wade shall vacate the Palo Alto Condo within 30 days of the execution date of this judgment. If Wade fails to vacate the property by said date, a writ of possession and any other related documents shall immediately issue without notice to Wade.

Stevens shall immediately market and sell the Palo Alto Condo. Wade shall cooperate fully in the sale of the Palo Alto Condo, including executing any and all necessary documents for the sale.

Stevens is excused from any monetary contribution towards the Palo Alto Condo. Pursuant to the indemnification agreement, Wade's 40% interest in the Palo Alto Condo is forfeited and transferred to Stevens as partial indemnification of the liability she has incurred on the SBA guarantee as a result of the failure by Wade to sell the property located at 1010 Corporation Way, Palo Alto, California to satisfy the SBA loan or otherwise extinguish Stevens' liability under the guarantee. The net proceeds from the sale of the Palo Alto Condo shall be the sole and separate property of Stevens.

6. **PALO ALTO CONDO ENCUMBRANCES:** In favor of Stevens and against Wade for all mortgage debt which is above and beyond the mortgage debt as of January 22, 2009; all outstanding and unpaid mortgage payments, interest, fees, and related costs; all outstanding and unpaid homeowner association dues; and any and all other outstanding and unpaid debt or liens, including without limitation unpaid taxes, insurance payments, utility payments, repair debt, and the Abstract of Judgment recorded by Hoge Fenton Jones & Appel, Inc. on

4
[PROPOSED] JUDGMENT AFTER HEARING (CCP §664.6)

Case: 09-50996 Doc# 556 Filed: 06/16/14 Entered: 06/19/14 13:50:35 Page 8 of 10

1  November 13, 2012 (Document No. 21948019) associated with the Palo Alto
2  Condo. The amount of the obligations set forth in this Paragraph 6 shall be
3  calculated as of the date that escrow closes on the sale of the Palo Alto Condo.
4
5
6  Dated: __JUN 1 3 2014__, 2014          **Carol Overton**
7                                         _____
8                                         The Honorable Carol Overton,
                                           Judge of the Superior Court
9
10
...
28

5
[PROPOSED] JUDGMENT AFTER HEARING (CCP §664.6)

# Proof of Service

I, Fan Wen, certify that I am over the age of 18 and that my business address is at 1296 Kifer Road, Suite 606, Sunnyvale, CA 94086. On or before the date shown below, I deposited in the U.S. Mail, first class postage prepaid, copies of the foregoing pleading and addressed to the following:

David Hamerslough
Rossi Hamerslough Reisch & Chuck
1980 The Alameda Suite 200
San Jose, CA 95126

Stephanie Oaks
Hoge Fenton Jones & Appel Inc.
60 South Market Street #1400
San Jose, CA 95113

Mlnarik Law Group Inc.
2930 Bowers Avenue
Santa Clara, CA 95051

William Healy
Campeau Goodsell Smith
400 North First Street #100
San Jose, CA

Christopher McDermot
Casey O'Connell
Pite Duncan, LLP
4375 Jutland Drive, Suite 200
PO Box 17933
San Diego, CA 92177-0933

June 16, 2014

Fan Wen