Booker T. Wade Jr.
605 Forest Avenue
Palo Alto, CA 94301
415 378 6250
bookertwade@hotmail.com

In Propria Persona

UNITED STATS BANKRUPTCY COURT OF
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re

BOOKER THEODORE WADE, JR

    Debtor

Case No. 013-50376 SLJ

Chapter 7

**EMERGENCY EX PARTE MOTION TO COMPEL ARBITRATION AND MOTION FOR STAY**

HEARING NOT REQUIRED

## INTRODUCTION

On October 2, 2014, pursuant to the U.S. Arbitration Act (FAA), 9 U.S.C. Sections 1-4, Debtor filed with the U.S. District Court for the Northern District of California, a motion to compel Arlene Stevens [Stevens] to comply with the arbitration provisions in the Settlement Agreement entered into on the record before the Santa Clara County Superior Court. Debtor also moved the District Court to stay all proceedings in this case, pursuant to Section 3 of the FAA.

On October 9, 2014, the District Court denied both motions (Denial Order). See, Exhibit A. In denying the motions, the District Court concluded that while a number of Debtor's objections advanced herein as to decisions of this Court were based on Debtor's claim that the arbitration provisions in the Settlement Agreement precluded the relief this Court has granted, Debtor failed to present those objections sufficiently. Denial Order, at 4. Specifically, the District Court concluded that the objections should have been presented in a motion to compel arbitration. Thus, pursuant to that holding, Debtor presents this emergency ex parte motion to compel and stay request. As the Court has lifted the automatic stay to allow Stevens to execute upon the state court judgment,

effective as of October 25, 2014, Debtor presents this motion on an emergency basis, pursuant to Bankruptcy Rule 8011. Debtor requests that the Court act upon this ex parte motion timely, i.e., prior to October 24, 2014.

## ARBITRATION PROVISIONS

The undisputed record evidence in the form of a reporter's transcript establishes that the Debtor and Arlene Stevens [Stevens] agreed to arbitrate their property settlement implementation disputes. The Settlement Agreement provided that *any and all implementing disputes* were to be submitted to and resolved by Judge Silver as appointed arbitrator. The on-the-record exchange reflecting the agreement to arbitrate as stated by the then Presiding Judge was as follows:

> "First, he [Judge Silver] may try to mediate it. I don't know how he works. He may try to get you guys to agree to something. Ultimately, whether it's this issue or any issue, you are agreeing to have Judge Silver decide things, act as an arbitrator…with these principles in mind…binding arb – that's another way of putting it, yes, binding arbitration. He makes the call and you're done, both ways. Nobody can appeal it. Nobody can fight it."

Exhibit 1, Reporter's Transcript at 98:27-28; 99:1-11.[1]

Given that the foregoing is on the record, and given that Stevens previously has submitted disputes to the appointed arbitrator, Stevens cannot now in good faith contest that all Settlement Agreement implementing disputes are arbitral issues.

The FAA provides that an agreement to submit contract disputes to arbitration shall be "valid, irrevocable, and enforceable." 9 U.S.C. § 2. "The court's role under the Act is . . . limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). See, also, In *Kevin Khoa Nguyen v. Barnes & Noble Inc.*, 2014 U.S. App. LEXIS 15868 (9th Cir. 2014).

"[A]ny doubts concerning the scope of arbitral issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983). The FAA reflects "both a `liberal federal policy favoring arbitration' . . . and the `fundamental principle that arbitration is a matter of contract.'" *AT&T Mobility LLC v. Concepcion*, —U.S.—, 131 S.Ct. 1740, 1745 (2011). While the language of Section 3 of the FAA applies to "district courts," the

---

[1] The Reporter Transcript is attached to the motion to approve the rejection of the Settlement Agreement filed on June 6, 2013.

Denial Order in requiring a pleading to this Court, of necessity provides that "district courts" also means this Court. *Id*, at 6.

In a conclusion announced from the bench, previously this Court has rejected the application of the FAA herein as "irrelevant." With respects, Debtor submits that the Court's conclusion is inconsistent with the plain language of the FAA, the interpreting precedents detailed above and the Denial Order in its implicit holding that a motion to compel should first be presented to this Court.

## STAY REQUEST

Section 3 of the FAA provides that upon application of a party not in default, federal courts *shall* stay all judicial proceedings, pending the outcome of the arbitration. The conventional requirement of entitlement to a stay as within the Court's discretion and thereby subject to a 4-part showing of the probability of succeeding on the merits; irreparable harm; lack of injury to others and impact on the public interest, do not apply to the FAA provisions. The Court lacks discretion to deny a stay. See *Service, Inc. v. Sea-Land of Puerto Rico, Inc.*, 636 F. Supp. 750, 757 (D.P.R. 1986) *27 Salim Oleo chemicals v. M/V Shropshires Salim Oleoche*, 278 F.3d 90, 93 (2d Cir. 2002); *Lloyd v. HOVENSA, L.L.C.*, 369 F.3d 263 (3d Cir. 2004); *Adair Bus Sales, Inc. v. Blue Bird Corp.*, 25 F.3d 953, 955 (10th Cir. 1994); *LaPrade v. Kidder Peabody & Co., Inc.*, 146 F.3d 899, 902 (D.C. Cir. 1998) ("Section 3 empowers a district court only to stay an action).

## RELIEF REQUESTED

There are no disputes as to whether the Settlement Agreement provides for arbitration and that the current disputes adjudicated by the state Superior Court are within the ambit of the arbitration provisions. Thus, pursuant to the FAA and its precedents and as interpreted by the Denial Order, Debtor requests the Court on an *emergency ex parte basis* to issue a stay before the close of court on October 21, 2014, to allow Debtor time to re-present his claims to appellate courts. Alternatively, Debtor urges the Court to issue a temporary stay for a reasonable time to allow the issues presented to be heard on a regular noticed motion and thereafter hold a hearing on the first available day on its calendar to consider this motion insofar as Debtor requests an order from the Court to compel arbitration.

Respectfully submitted,

Booker T. Wade Jr., Debtor

October 20, 2014

**Exhibit A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE BOOKER T. WADE JR., <br><br> Debtor, | Case No.: 14-CV-03453-LHK <br><br> ORDER DENYING EMERGENCY *EX PARTE* MOTION FOR STAY AND MOTION TO COMPEL ARBITRATION |

Before the Court are two motions: first, an Emergency *Ex Parte* Motion for Stay ("Ex Parte Motion"), and second, a Motion to Compel Arbitration ("Motion to Compel"). Both are brought by Booker T. Wade, Jr. ("Appellant," "Debtor," or "Wade"). For the reasons stated below, the Court finds it lacks jurisdiction to hear Appellant's Motion to Compel and therefore DENIES both the Motion to Compel and the Ex Parte Motion.

I.   **BACKGROUND**

This Court summarized the relevant background in its prior Order Denying Emergency *Ex Parte* Motion for Temporary Restraining Order, ECF No. 4, but reproduces it here for the convenience of the reader.

Appellant filed a pro se petition for Chapter 11 bankruptcy in Bankruptcy Court on January 22, 2013. Arlene Stevens ("Stevens"), who had a long-term business and personal relationship with Appellant, moved the Bankruptcy Court for relief from the automatic stay that results from the

> According to the declaration of David Hamerslough, Stevens' state court counsel, the Settlement has been complied with in material respects by Stevens. Among other things, Stevens sold the real property located 3575 Tripp Road, Woodside, California, and deposited $620,000 in proceeds in a separate bank account, pending further order from the state court. Stevens also sold cellular licenses. Counsel is holding $176,000 in funds pending further order from the state court. 1010 Corporation Way, Palo Alto, California, was foreclosed by the lender representing the Small Business Administration before it could be sold. Debtor did not sell the real property at 605 Forest Avenue, Palo Alto, California. A broadcast license in Topeka, Kansas has not been sold because Debtor was not able to secure the right to sell it from co-owners. Debtor did not give Stevens a $300,000 promissory note.
>
> Debtor has made several attempts to set aside the Settlement, generally based on perceived unfairness or a lack of impartiality on the part of Judge Jacobs-May or Judge Silver.
>
> On May 7, 2009, the Superior Court granted Stevens' motion to enforce the Settlement. Debtor moved for a writ of mandamus in the California Court of Appeals but that court denied the writ in an order dated December 2, 2009. The California Supreme Court denied Debtor's petition for review.
>
> On August 26, 2009, Debtor moved to vacate the Settlement. On November 10, 2009, the Superior Court denied that motion.
>
> On April 19, 2010, Debtor again moved the Santa Clara Superior Court to vacate the Settlement. The motion was denied by an order docketed on June 17, 2010. The Court of Appeals denied Debtor's petition for a writ of mandamus on September 17, 2010.

See Bankr. Case No. 13-50376-SLJ, ECF No. 71 (footnotes and headings omitted).

The Bankruptcy Court denied the Motion to Reject Executory Contract and granted the Motion to Lift the Stay, thereby allowing Stevens' state court actions against Appellant to proceed. The state court entered its judgment resolving the actions on June 13, 2014. ECF No. 3, Ex. 4. That judgment resolved a number of disputes regarding the settlement agreement, including the requirement that Appellant immediately transfer the property located on Forest Avenue ("the Palo Alto Condo") to Stevens and that Appellant vacate the Palo Alto Condo within 30 days. *Id.*

Meanwhile, on May 6, 2014, Appellant moved the Bankruptcy Court to compel Stevens' counsel to turn over property of the estate stemming from the sale of a property unrelated to the Palo Alto Condo. The Bankruptcy Court denied this motion. It is from the Bankruptcy Court's

error of that determination"); *Forever Green Athletic Fields, Inc. v. Dawson*, 514 B.R. 768, 782 (E.D. Pa. 2014) ("Further, any issue not raised in the Bankruptcy Court is deemed waived and we may not consider it on appeal.").

With respect to a request to stay an order or judgment, "[a] motion for a stay of the judgment, order, or decree of a bankruptcy judge . . . or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance." Fed. R. Bankr. P. 8005. A party seeking a stay must satisfy each of the following elements: "1. Appellant is likely to succeed on the merits of the appeal. 2. Appellant will suffer irreparable injury. 3. No substantial harm will come to appellee. 4. The stay will do no harm to the public interest." *In re Yeganeh*, No. 06-2788, 2006 WL 1310447, at *4 (N.D. Cal. May 12, 2006) (citing *In re Wymar*, 5 B.R. 802, 806 (9th Cir. 1980)).

### III. DISCUSSION

#### A. Motion to Compel

Appellant's Motion to Compel effectively asks this Court to order the parties to enter into arbitration, pursuant to the binding arbitration provisions that Appellant contends are within the settlement agreement.[2] However, appellant does not appear to have properly presented this argument to the Bankruptcy Court. Appellant has not filed a motion to compel arbitration in the Bankruptcy Court. The Bankruptcy Court's order that Appellant challenges does not indicate that the issue was argued or decided. *See* ECF No. 1. Nor does the transcript from the hearing that preceded the Bankruptcy Court's order reflect that either party raised the issue. *See* Bankr. Case No. 13-50376-SLJ, ECF No. 183. Nor did Appellant discuss this issue in his moving papers. *See* Bankr. Case No. 13-50376-SLJ, ECF No. 126. Appellant does refer to the arbitration clause in his reply papers, but this is insufficient to deem the matter properly raised before the Bankruptcy Court, for two reasons. First, a party cannot raise an issue for the first time in its reply brief. *In re Kelly*, 499 B.R. 844, 863 (S.D. Cal. 2013) (issue raised for first time in reply brief on appeal from

---

[2] This is not the first time that the Appellant has sought this result. Appellant's Emergency *Ex Parte* Motion for Temporary Restraining Order essentially argued that the arbitrator, rather than the state court, should have resolved disputes regarding the settlement agreement. *See* ECF No. 4, at 4.

5
Case No.: 14-CV-03453-LHK
ORDER DENYING EMERGENCY *EX PARTE* MOTION FOR STAY AND MOTION TO COMPEL ARBITRATION

(2009)). In other words, a federal court must have an independent basis for jurisdiction—either because the matter involves a question of federal law, or because it involves diverse parties—to issue a stay pursuant to the FAA. That is simply not the case here.

### B.     Ex Parte Motion

Appellant did not present his motion for stay before the Bankruptcy Court and therefore it was procedurally improper to raise it here. *See* Fed. R. Bankr. P. 8005. In addition, because the Court does not have jurisdiction over Appellant's underlying Motion to Compel, the Court finds that Appellant is unlikely to succeed on the merits of his motion, and therefore the requirements necessary for a court to grant a motion for stay are not satisfied. *See In re Yeganeh*, No. 06-2788, 2006 WL 1310447, at *4.

## IV.     CONCLUSION

For the foregoing reasons, the Court DENIES Appellant's (1) Emergency *Ex Parte* Motion for Stay and (2) Motion to Compel Arbitration. The Court also notes that Appellant, in his filings before this Court and the Bankruptcy Court, has shown a proclivity to re-litigate issues previously settled by his agreement with Stevens. The Court reminds Appellant that his right to appeal the decisions of the Bankruptcy Court to this Court does not give him license to try to re-litigate every issue related to his settlement with Stevens, or the underlying judgment of the state court.

IT IS SO ORDERED.

Dated: October 9, 2014

_____
LUCY H. KOH
United States District Judge

## Declaration

I, Booker T. Wade Jr., declare as follows:

1. I am the Debtor herein;
2. The emergency is that the Court's order lifting the automatic stay to permit execution upon the state court judgment will oust me from my principal residence, displacing me and rendering me homeless.
3. I also state that on this date, I have provided a notice telephonically to counsel for Arlene Stevens and counsel for the U.S. Trustee of the filing of this motion. Additionally, I have caused to be delivered via overnight mail, a copy of this motion to counsel for Arlene Stevens.
4. I have composed and read the foregoing pleading and declare that the facts presented therein are true.

This declaration is made under penalty of perjury under the laws of the United States.

_____
Booker T. Wade, Jr.

October 20, 2014

## Certificate of Service

ECF

The name and address of counsel for Arlene Stevens is

David Hameslough
Rossi Hamerslough Reich & Chuck
1980 The Alameda Suite 200
San Jose, CA 95126
408 261-4252
molly@rhrc.net
dave@rhrc.net

October 20, 2013