

The following constitutes
the order of the court. Signed November 13, 2014

*Stephen L. Johnson*
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br>BOOKER T. WADE,<br><br>            Debtor. | Case No.: 13-50376 SLJ<br>Chapter 7 |

**ORDER OVERRULING OBJECTION TO CLAIM OF FOREST VILLA
HOMEOWNERS ASSOCIATION
(Claim No. 4-1)**

The court held a hearing on Debtor's Objection to Claim of Forest Villa Homeowners Association (Claim No. 4-1) on October 22, 2014. Booker Wade ("Debtor") appeared pro se. Austin Nagel appeared for Forest Villa Homeowners Association ("Forest Villa HOA" or "Creditor"). At the end of the hearing, the court took the matter under submission. For the reasons indicated below, the court will overrule the objection to claim.

/ / /

/ / /

ORDER OVERRULING OBJ TO CLAIM        1

# I. FACTUAL AND PROCEDURAL BACKGROUND

Debtor commenced this case as a chapter 11 on January 22, 2013. In his bankruptcy schedules, he claimed ownership of real property located at 605 Forest Avenue, Palo Alto, California (the "Property"). That Property is subject to at least two liens that are relevant to this decision, as follows:

| | |
|---|---|
| 605 Forest Avenue, Palo Alto -- *Scheduled Value* | $710,250.00 |
| Rushmore Loan Management Services LLC | 691,484.90[1] |
| Forest Villa Homeowners Ass'n | 60,929.82[2] |
| Equity at Petition Date | <$42,164.72> |

Forest Villa HOA's claim of $60,929.82 (the "Claim") is premised on unpaid homeowner's assessments, interest and fees.

On April 15, 2014, Debtor filed the Objection to Claim of Forest Villa Homeowners Association (the "Objection to Claim"), contending that (1) Debtor and Forest Villa HOA had an agreement prepetition reducing the claim to $47,000, (2) Forest Villa HOA did not provide documentation explaining the charges, and (3) the claim includes "junk fees" that are inequitable. Forest Villa HOA filed a response, contending that it has no record of any agreement with Debtor reducing the claim.

Debtor's Objection to Claim has been whittled down since it was originally filed. At the hearing on May 7, 2014, the court rejected the argument that the Claim lacked documentation. Subsequently, on June 18, 2014, Debtor filed a pleading reducing his objection to $6,277.00, which he maintains is not allowable under applicable state law.

Later, on July 15, 2014, the chapter 11 case was converted to chapter 7. On August 19, 2014, the chapter 7 trustee filed a no-asset report and a Statement of Position indicating that he would not prosecute the Objection to Claim. Given this, on September 16,

---

[1] Amended Proof of Claim filed on June 25, 2013.

[2] Proof of Claim filed on February 15, 2013.

ORDER OVERRULING OBJ TO CLAIM  2

1 2014, the court entered an Order Following Hearing on Objection to Claim of Forest Villa
2 Homeowners Association, requesting briefs from the parties on the question of whether
3 Debtor had standing to press the Objection to Claim given the conversion of the case to
4 chapter 7.
5       In his brief, Debtor argued he has standing because this case has the possibility of
6 being a "surplus" case. Although his arguments are somewhat unclear, it appears that Debtor
7 is contending that because he claimed a homestead exemption of $175,000, he has an
8 economic interest in the Property and that he may use the equity, which he has claimed as
9 exempt, to pay creditors or keep it for himself. Under this reasoning, Debtor contends the
10 bankruptcy estate is a "surplus" estate and he has the power to argue objections to claims.

## II. DISCUSSION

This is a tricky area of consumer bankruptcy law. But if the court follows rules of general applicability and practice, it is possible to resolve this matter.

There are several rules at play. First, there is the oft-repeated rule that in a chapter 7 case, a debtor does not have standing to object to claims "unless there could be a surplus after all claims are paid." 4 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy § 502.02[2][c] (16th ed. 2009); *In re Heath*, 331 B.R. 424, 429 (B.A.P. 9th Cir. 2005) ("ordinarily Trustee would be the party with standing to litigate the allowance or disallowance of claims.") *See In re Jorczak*, 314 B.R. 474, 479 (Bankr. D.Conn. 2004)(debtors only have standing to object to claims where there is "a sufficient possibility" of a surplus to give them a pecuniary interest). A surplus estate means that there is enough money to pay *all claims* and still return money or property to the debtor. The reason for this rule is that an insolvent debtor is not a party in interest within the meaning of 11 U.S.C. § 502(a): the debtor has no pecuniary interest in the distribution of his/her assets among creditors.

The second general rule involves secured claims. Secured claims pass through a chapter 7 bankruptcy case unaffected to the extent of the value of the collateral securing them. *Farrey v. Sanderfoot,* 500 U.S. 291, 297 (1991) ("Ordinarily, liens and other secured interests survive bankruptcy"). When the automatic stay is no longer in effect at debtor's discharge,

ORDER OVERRULING OBJ TO CLAIM     3

1 pursuant to 11 U.S.C. § 362(c)(2)(C), the secured creditor is free to pursue all of his state law
2 rights in regard to the secured interest. *Johnson v. Home State Bank,* 501 U.S. 78, 84 (1991)
3 ("a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an
4 action against the debtor *in personam*—while leaving intact another—namely, an action
5 against the debtor *in rem*"). Under this rule, when the bankruptcy estate closes, which is
6 imminent, the Property will pass out of the estate to the titleholder but it will remain
7 encumbered by the liens of the secured creditors.

8 The third rule involves exemptions. Property of the estate includes property that is
9 exempt, but the effect of an exemption is to withdraw the property from the estate (and from
10 the benefit of creditors) for the benefit of the debtor. *Owen v. Owen*, 500 U.S. 305, 308
11 (1991); *In re Smith*, 235 F.3d 472, 478 (9th Cir. 2000) ("It is widely accepted that property
12 deemed exempt from a debtor's bankruptcy estate revests in the debtor."). When the
13 exemption claimed is limited to a dollar value, what is removed from the estate is an
14 "interest" in the property equal to the value of the claimed exemption. *Schwab v. Reilly*, 560
15 U.S. 770, 781-84 (2010). And, it is the amount of the exemption rather than the specific
16 property that is exempted. *In re Gebhard*, 621 F.3d 1206, 1209-10 (9th Cir. 2010).

17 The fourth rule is that exempt property leaves the estate after the period allowed for
18 objection has passed with no objection having been filed. *In re Mwangi*, 432 B.R. 812, 822
19 (B.A.P. 9th Cir. 2010) ("If the 30–day objection period mandated by Bankruptcy Rule
20 4003(b) runs without objection, '[p]roperty claimed as exempt leaves the estate and revests in
21 the debtor....'" quoting *Kretzer v. DFW Fed. Credit Union (In re Kretzer)*, 48 B.R. 585, 588
22 (Bankr. D. Nev.1985)).

23 The effect of claiming an exemption is clear. Once a property or interest is exempt, a
24 bankruptcy court has no jurisdiction over it and the interest cannot be administered by the
25 bankruptcy court. *In re Graziadei*, 32 F.3d 1408, 1410 (9th Cir. 1994). "This is because a
26 bankruptcy court only has jurisdiction over matters that could 'conceivably have any effect'
27 on the estate." *Id.*, at 1410 fn. 2, citing *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988); 28
28

ORDER OVERRULING OBJ TO CLAIM 4

U.S.C. § 1334(b). The key point is the relationship to the estate, and not just the debtor. Once property leaves the bankruptcy estate, the court loses jurisdiction over it.

The final rule is one of procedure: a party must file a timely objection objecting to an exemption or it is allowed. *In re Gebhard*, 621 F.3d 1206 at 1209; FED. R. BANKR. P. 4003(b). Here, no one has interposed any objection to Debtor's exemption claims.

Applying these general rules to the facts indicates that the Objection to Claim should be overruled.

The chapter 7 trustee filed a Report of No Distribution on August 19, 2014, and Debtor received his discharge on October 21, 2014. This means the trustee has determined there are no assets to distribute to creditors in this case. It is not a surplus case, and on this basis alone, Debtor lacks standing to object to claims.

Debtor is entitled to an exemption of $175,000 because no one objected to it. Whether he can be paid that sum depends on two things: He must own the Property (Arlene Stevens has a judgment from the Santa Clara Superior Court saying he does not) and the Property's value must far exceed its $710,000 scheduled value. However, his claim of exemption does not make this a surplus estate. In fact, Debtor has not alleged, and the record does not show, that proceeds from the sale of the Property will be sufficient to pay *all claims* after paying off the secured liens and Debtor's homestead exemption.

Because Debtor received his discharge, Forest View HOA cannot pursue its Claim against Debtor personally, but it can pursue its state law rights as a lienholder. To the extent Debtor disputes the amounts he owes to Forest View HOA, it affects his exempt interest[3] and the lien, which passes through bankruptcy, neither of which provides the basis for bankruptcy court jurisdiction. The Claim therefore raises no substantive bankruptcy issues, and Debtor's dispute over the Claim has no impact on the bankruptcy estate. Forest View HOA holds

---

[3] Not counting Forest View HOA's secured claim, Debtor's exempt interest in equity is the scheduled value of $710,250 minus the undisputed consensual secured claim of Rushmore in the amount of $691,484.90, which is $18,765.10.

ORDER OVERRULING OBJ TO CLAIM 5

whatever lien rights it has under state law, and Debtor can assert whatever state law arguments he has against the Claim in state court.

The court notes that it is overruling the Objection to Claim on the grounds of lack of jurisdiction and lack of standing by Debtor. The court makes no determination on the substance of the Claim, including whether the various charges underlying the Claim are proper under applicable state law.

For the foregoing reasons,

IT IS HEREBY ORDERED that Debtor's Objection to Claim of Forest Villa Homeowners Association (Claim No. 4-1) is OVERRULED.

*** END OF ORDER ***

COURT SERVICE LIST

**Debtor:**
Booker T. Wade
605 Forest Avenue
Palo Alto, CA  95301

**Other parties** – by ECF Notice Only

ORDER OVERRULING OBJ TO CLAIM         7