| | |
|---|---|
| 1 | Gilbert R. Yabes (SBN 267388) |
| | gyabes@aldridgepite.com |
| 2 | Joseph C. Delmotte (SBN 259460) |
| | jdelmotte@aldridgepite.com |
| 3 | **ALDRIDGE PITE, LLP** |
| | 4375 Jutland Drive, Suite 200 |
| 4 | P.O. Box 17933 |
| | San Diego, CA 92177-0933 |
| 5 | Telephone: (858) 750-7600 |
| | Facsimile: (619) 590-1385 |

Attorneys for
Wells Fargo Bank, N.A., not in its individual capacity, but solely as Trustee for RMAC Pass-Through Trust, Series 2010-A

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No.13-50376-SLJ |
| BOOKER THEODORE WADE, JR., | Chapter 7 |
| Debtor. | R.S. No. GRY - 089 |
| | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONFIRM THAT THE AUTOMATIC STAY IS NOT IN EFFECT** |
| | <u>Hearing:</u> |
| | Date: September 13, 2016 |
| | Time: 10:00 a.m. |
| | Place: 3099 |
| | 280 South First Street, Room 3035 |
| | San Jose, CA 95113-3099 |

Wells Fargo Bank, N.A., not in its individual capacity, but solely as Trustee for RMAC Pass-Through Trust, Series 2010-A ("Movant") submits the following memorandum of points and authorities in support of its Motion for Relief from Automatic Stay.

## I. STATEMENT OF THE ISSUE

Whether Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

## II. FACTUAL AND PROCEDURAL SUMMARY

On or about June 5, 2007, Booker T Wade Jr ("Debtor") executed a promissory note in the principal sum of $560,000.00 (the "Note"), which was made payable to JPMorgan Chase Bank, N.A. (*See* Declaration in Support of Motion for Relief from Automatic Stay ("Declaration"), **Exhibit A**).

The Note is secured by a recorded Deed of Trust (the "Deed of Trust") encumbering the real property located at 605 Forest Ave, Palo Alto, California 94301 (the "Property").[1] (*See* Declaration, **Exhibit B**).

Movant currently holds possession of the Note, which is indorsed and payable to Movant. (*See* Declaration).

The Deed of Trust was assigned to Movant. (*See* Declaration, **Exhibit C**).

On or about November 27, 2012, Debtor entered into an agreement to modify the loan. (*See* Declaration, **Exhibit D**).

On January 22, 2013, Debtor commenced the instant case by filing a voluntary petition under Chapter 7 of the Bankruptcy Code.

On October 21, 2014, Debtor received his Chapter 7 Discharge.

On April 20, 2016, the Chapter 7 Trustee filed a Motion for Order Authorizing Trustee to Abandon Real Property (605 Forest Ave., Palo Alto, CA) ("Motion to Abandon").

On May 13, 2016, the court entered an Order granting the Chapter 7 Trustee's Motion to Abandon, thus effectively abandoning the Property.

Debtor is in default of his obligations under the Note for failure to make payments due and owing to Movant as of May 1, 2014. (*See* Declaration).

As of July 15, 2016, the outstanding payments owed under the Note are in the approximate sum of $67,650.39. An additional payment will come due on August 1, 2016, and payments will continue to come due on the 1st day of each month until the Loan is paid in full. (*See* Declaration).

As of July 15, 2016, the estimated payoff owing under the Note is the approximate sum

---

[1] The Note and Deed of Trust are collectively referred to herein as the "Loan."

- 2 -   CASE NO. 13-50376-SLJ
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONFIRM THAT THE AUTOMATIC STAY IS NOT IN EFFECT**

Case: 13-50376   Doc# 337-3   Filed: 08/25/16   Entered: 08/25/16 16:28:38   Page 2 of 6

of $728,306.41.[2] (*See* Declaration).

## III. LEGAL ARGUMENT

**A. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)(2)**

Section 362(d)(2) provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> >  (2) with respect to a stay of an act against property under subsection (a) of this section, if –
> >
> > > (A) the debtor does not have any equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization…

11 U.S.C. § 362(d)(2). For purposes of Section 362(d)(2), "equity" is defined as the difference between the value of the property and *all encumbrances upon it*. *Stewart v. Gurley*, 745 F.2d 1194 (9th Cir. 1984)(emphasis added). Section 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, *even where the debtor can provide adequate protection under Section 362(d)(1)*. *In re San Clemente Estates*, 5 B.R. 605, 610 (Bankr.S.D.Cal. 1980)(emphasis added). Since a Chapter 7 case does not contemplate reorganization, the sole issue before the court when stay relief is sought under Section 362(d)(2) is whether the debtor has equity in the property. *See e.g., Nev. Nat'l Bank v. Casbul of Nev., Inc.*, 22 B.R. 65, 66 (9th Cir. BAP 1982); *Ramco Indus. v. Preuss (In re Preuss)*, 15 B.R. 896 (9th Cir. BAP 1981).

Movant is informed and believes, based on the Debtor's sworn bankruptcy schedules, that the fair market value of the Property is approximately $710,250.00.[3]

---

[2] The amounts referenced herein are approximations for purposes of this motion only and should not be relied upon to payoff and/or reinstate the Loan as interest and additional advances may come due subsequent to the filing of the motion. Interested parties can obtain an exact payoff and/or reinstatement quote by contacting Movant's undersigned counsel.

[3] Copies of the Debtor's Schedules "A" and "D" are collectively attached hereto as **Exhibit A** and incorporated herein by reference.

Taking into account all of the liens encumbering the Property and the reasonable costs associated with the sale of the Property, Movant maintains that Debtor's and/or the estate's equity in the Property is as follows:

| | |
|---|---|
| Fair Market Value: | $710,250.00 |
| Less: | |
| Movant's Trust Deed | $728,306.41 |
| Hoge Fenton Jones & Appel Inc.s 2nd Mortgage | $739,693.00 |
| Costs of Sale (8%) | $56,820.00 |
| **Equity in the Property:** | **$(814,569.41)** |

Since there is little to no equity in the Property for the benefit of the bankruptcy estate and this is a Chapter 7 proceeding with no reorganization in prospect, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

### B. MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(D)(1)

Section 362(d)(1) provides, in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
>
> (1) *For cause*, including the lack of adequate protection of an interest in property of such party in interest....

11 U.S.C. § 362(d)(1)(emphasis added). A lack of adequate protection is one example of "cause" for relief from stay. *In re Ellis*, 60 B.R. 432, 435 (9th Cir. BAP 1985). The lack of a sufficient equity cushion and/or a debtor's failure to tender periodic cash payments constitutes a lack of adequate protection. *See* e.g., *In re Mellor*, 734 F.2d 1396 (9th Cir. 1984) (citation omitted).

As previously discussed, Debtor has failed to tender periodic cash payments due and owing to Movant under the Note. Moreover, the facts detailed herein reflect that Movant's interest in the Property is not protected by an adequate equity cushion. Based upon the foregoing, Movant submits that Debtor is unable and/or unwilling to provide adequate protection to Movant and, thus, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

/././

**B.    THE AUTOMATIC STAY OF SECTION 362(a) IS NOT IN EFFECT**

As discussed above, on October 21, 2014, Debtor received his Chapter 7 Discharge. Further on May 13, 2016, the court entered an Order granting the Chapter 7 Trustee's Motion to Abandon, thus effectively abandoning the Property from the Debtor's bankruptcy estate. Based on the foregoing, the automatic stay has terminated under 11 U.S.C. § 362(c)(1) and 11 U.S.C. § 362(c)(2).

### IV.    CONCLUSION

For all of the reasons discussed herein, Movant is entitled to relief from the automatic stay of 11 U.S.C. § 362(a).

**WHEREFORE**, Movant respectfully prays for an Order of this court:

1. Terminating the automatic stay of 11 U.S.C. § 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to perform any actions to preserve the Property and to enforce its remedies to foreclose upon and obtain possession of the Property;

2. Waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure;

3. Permitting Movant to offer and provide Debtor with information regarding a potential Forbearance Agreement, short sale, deed in lieu, loan modification, Refinance Agreement, or other loan workout/loss mitigation agreement, and to enter into such agreement with Debtor without further order of the court;

4. Permitting Movant to recover its reasonable attorneys' fees and costs incurred in prosecuting the instant motion by adding these amounts to the outstanding balance due under the Note, as allowed under applicable non-bankruptcy law;

5. That is binding and effective despite the conversion of this case to a case under any other chapter of Title 11 of the United States Code;

6. Confirmation that there is no automatic stay in effect; and

/././

/././

7. Granting Movant such other and further relief as the court deems just and proper.

ALDRIDGE PITE, LLP

Dated: August 25, 2016

_Gilbert R. Yabes_
GILBERT R. YABES
Attorneys for Movant Wells Fargo Bank, N.A., not in its individual capacity, but solely as Trustee for RMAC Pass-Through Trust, Series 2010-A

- 6 -    CASE NO. 13-50376-SLJ
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CONFIRM THAT THE AUTOMATIC STAY IS NOT IN EFFECT**

Case: 13-50376    Doc# 337-3    Filed: 08/25/16    Entered: 08/25/16 16:28:38    Page 6 of 6